## ESTHAY v. McCAIN.*
### No. 1831.

Court of Appeal of Louisiana. First Circuit.
April 7, 1938.

C. B. Prothro, of Shreveport, for appellant.

Modisette & Adams, of Jennings, for appellee.

DORE, Judge.

The suit is for damages in the sum of $854.35 which plaintiff claims to have sustained when one of his oil trucks and five-ton trailer fell into Bayou Nexpigue while crossing said bayou on a pontoon bridge constructed by defendant for the use of traffic while he was building a bridge across said bayou on the Jennings-Iota Route No. 371 from Acadia parish to Jefferson Davis parish under a contract with the Highway Commission. It is alleged that the defendant, as contractor, did not provide a safe means of traffic for the public over said stream while constructing the bridge over said stream as he was required to do under his contract with Highway Commission; that defendant provided a pontoon bridge over said stream consisting of barges without proper protection or guard rails, and the said barge or floats making the pontoon bridge were leaky and so situated that one end, when an automobile or truck would run upon it, would go down and the other end of the barge would raise up, thus creating a steep incline for a motor vehicle to climb; that the defendant and his agents and employees knew of this unsafe and dangerous means of crossing said bayou; that when plaintiff's said truck, driven by a competent driver, was crossing said bayou and had almost reached the west side, the pontoon bridge raised up in front by reason of the weight of the truck and became such a steep incline that the motor of the truck stopped and it was necessary for the driver to place same in reverse in order to get a start with power to pull over the incline, and in doing so, and when the truck started in reverse, it backed off into the bayou, there being nothing to stop it.

The damage claim consists of the estimated cost of repairing the truck, amount-

*Rehearing granted May 5, 1938.

ing to $354.35, and the sum of $500, loss of the use of the truck for 20 days at $25 per day.

The petition alleges that the damage occurred in the parish of Jefferson Davis and that the defendant is a resident of the parish of Caddo. The defendant filed an exception to the jurisdiction of the court, ratione personæ; and after this exception was filed but before it was passed on, plaintiff filed a supplemental petition in which he alleged that the defendant, through his agents and employees, specially invited, instructed, and informed the driver of the truck that said bridge was safe after the driver had asked defendants' agents and employees if said bridge was safe for use in driving said truck over said bayou.

This exception was overruled, and defendant then answered admitting that he constructed said pontoon bridge for the use of traffic while he was building the permanent bridge across said stream under a contract with the Highway Commission, but he denied that said pontoon bridge was unsafe; but, on the contrary, same was built according to the plans and specifications furnished by the Highway Commission. Defendant pleaded contributory negligence on the part of the driver of the truck as the proximate cause of the accident.

Judgment was rendered for plaintiff for the amount sued for, and defendant has taken a devolutive appeal from that judgment.

### Exception to the Jurisdiction.

This exception is based on the ground that, as the defendant is only charged with acts of omission, and not acts of commission, the venue of the suit is at the domicile of the defendant in Caddo parish. The defendant being an individual and not a corporation can only be sued at his domicile, unless the allegations of the petition or the nature of the cause of action set up therein show that the defendant comes within the exception for filing suits other than at defendant's domicile as provided for in paragraph 9 of article 165 of the Code of Practice. Paraphrasing this paragraph so that it would apply to an individual, it would read as follows: "In all cases where any person shall commit trespass, or do anything for which an action for damages lies, such person may be sued in the parish where such damage is done or trespass committed or at the domicile of such a person." The Supreme Court has interpreted this paragraph in so far as it applies to a suit against an individual to mean that in order to sue such individual in a parish other than his domicile the damages must arise from some positive act of commission on the part of the defendant and not merely a failure on his part to do what he is legally required to do. Tripani v. Mereaux, 184 La. 66, 165 So. 453. But when we examine closely the petition and the supplemental petition, we find both acts of omission and acts of commission. In so far as defendant is charged with permitting a leaky and defective bridge to remain as a public crossing, that is an act of passive negligence, or an act of omission; but in so far as the defendant is charged with providing or setting up such a leaky and defective bridge and affirmatively advising and instructing plaintiff's driver that the bridge was safe and persuading him to attempt to cross thereon, such acts are positive in their nature and imply the idea of doing something actively. Where some of the acts charged are passive or negative in character while others are active and positive in their nature, the suit may be brought in the parish where the damage occurs. Culpepper v. Ark. Southern R. R. Co., 110 La. 745, 34 So. 761; Castille v. Caffery Central Ref. & R. Co., 48 La. Ann. 322, 19 So. 332. The exception was, therefore, properly overruled.

As contended by defendant, there is some variance in the allegations of the petition as to how the accident happened and the account given of the occurrence by the truck driver and another witness. The allegation of the petition is that the end of the barge on the west side raised up when the truck came onto the barge, and that a steep incline was thus created, causing the engine to stop; that it was necessary for the driver to place the engine in reverse in order to get a start to pull over the incline; that when the truck started back in reverse, it backed off into the water; there being nothing to stop it. The truck driver says that when he drove up on this barge on the west side, the front end raised up and he gave his truck more speed to get over the incline, and when the front wheels got on the barge (meaning probably the apron leading onto the bank), the

other end of the barge went down and the trailer wheel hit the apron and could not climb over the rise (between the apron and the end of the barge), which another witness says was about six inches high; that he could not get up (or over the rise) and slipped; that he held on with his brakes and blew his horn when another man came up from the rear and put a block under the wheels, but the end of the barge continued to sink and the truck slipped off into the bayou. After so testifying, defendant did not complain of being taken by surprise and did not offer any motion to strike. out this testimony for the reason that the same was at variance with the allegations. He offered no objection thereto. He further cross-examined the witness, without reservation, touching the manner in which the accident happened as detailed by him. It was only after. this witness had been examined in chief and cross-examined by the defendant that the defendant objected to the evidence for the reason "that the same did not bear out the allegations of the petition, and that it was an entirely different statement of facts." In our opinion, this objection came too late; a motion to strike out should have been first offered after the witness had detailed his version of the accident; and defendant is further presumed to have waived any objection to this testimony by cross-examining the witness without reservation. Furthermore, testimony of like nature as given by the truck driver was given by another witness. This testimony was received without any objection whatever from the defendant. This had the effect of an amended petition filed with the consent of the opposite party and the evidence must be considered by us in such light.

 However, while there is considerable difference in the allegations of the petition and the account given by the truck driver as to how the accident happened, yet there is no material variance as to the principal cause of the accident. The petition alleges that the barge leaked and the testimony shows that there was a large amount of water accumulated in the end of the barge causing it to list on that side. It was this leaning or listing of the barge that caused the truck to slide off into the water. It is true that the petition alleges that the driver put the truck in reverse and that when the truck started back in reverse, it backed off into the

water; there being nothing to stop it. Yet, regardless of whether the truck slid off the barge while the driver was trying to hold it with the brakes or whether it slid off while the driver had it in reverse trying to back up to get a start, the fact remains that the proximate cause of the truck getting into the water was the leaning of the barge on account of the water that had leaked in and the fact that there were no guards or rails to protect the sides of the barge, and the further fact that the pontoon bridge was so constructed as to tilt when a heavy load was placed on one of the barges. The defendant is liable.

The damages claimed seems to have been proved with the necessary certainty to justify the judgment. In fact, no complaint is made of the amount by defendant.

For these reasons, the judgment appealed from is affirmed at the cost of the defendant.