## ESTHAY v. McCAIN. *
### No. 1942.

Court of Appeal of Louisiana.
First Circuit.

Jan. 11, 1939.

For prior opinion, see 180 So. 235.

C. B. Prothro, of Shreveport, for appellant.

Modisette & Adams, of Jennings, for appellee.

OTT, Judge.

A rehearing was granted in this case in order to give further consideration to the exception to the jurisdiction of the court, ratione personæ, filed by the defendant. As stated in our original opinion, this exception is based on the ground that the alleged damage occurred in Jefferson Davis Parish, while the defendant is a resident of Caddo Parish, and it is contended by defendant that the acts on which the claim is based were not such acts of commission as to permit the filing of the suit in a parish other than that in which defendant is domiciled. 180 So. 235.

*Writ of error denied by Supreme Court March 6, 1939.

It was earnestly urged in the application for a rehearing that our ruling on this exception is contrary to the holding of the Supreme Court in the case of Tripani v. Meraux, 184 La. 66, 165 So. 453. A reconsideration of the matter convinces us of the difference between the present case and the cited case, and serves to re-assure us of the correctness of our former opinion on this point.

The plaintiff in the Tripani-Meraux Case sued the defendant for damages in the Parish of Orleans on account of being bitten by a large and vicious dog owned by the defendant. The petition in the case alleged that the said vicious dog was kept by the defendant on his premises in the parish of St. Bernard; that during the day the dog was permitted by the defendant to roam at large about the neighborhood, and at the time the dog attacked the plaintiff, the dog was roaming at large in the parish of Orleans. The defendant filed an exception to the jurisdiction of the court in Orleans Parish, basing his exception on the ground that the alleged fault or negligence charged to him was a mere act of omission, and for that reason the case did not come under the exception permitting a suit in a parish other than the domicile of the defendant as provided for in paragraph 9 of Article 165 of the Code of Practice.

In sustaining the exception in that case the Supreme Court held that the allegation in the petition which charged the defendant with permitting his vicious dog to roam at large was a mere act of omission, or passive negligence, and nowhere in the petition was the defendant charged with an act of commission himself, or through others; that he was not charged with doing something for which an action for damages lies, but that he was charged with failing to do something which he should have done. It was therefore properly held that the case did not come within the exception permitting suit to be brought against a person in the parish where the damage occurs where such person commits a trespass, or does something for which an action for damages lies.

In the present suit, however, the original and supplemental petitions do charge the defendant with both acts of omission and acts of commission; acts of omission in permitting a leaky and unsafe pontoon bridge to remain over the bayou as a public crossing, and acts of commis-

sion in erecting and placing across the bayou a leaky and defective bridge for the public to use, and, through his agents and employees, assuring plaintiff's driver that the bridge was safe and insisting on the driver crossing the unsafe bridge.

In other words, taking the allegations of the original and the supplemental petitions together, the defendant, through his agents and employees did something for which a cause of action arose, as well as failing to do something legally required of him; his fault was an active one, as well as a passive one. In order to authorize a suit against the defendant in a parish other than his domicile under the exception to jurisdiction provided for in Article 165 paragraph 9 of the Code of Practice, it is not necessary that the acts of the defendant on which the suit is based be accompanied by force, violence or putting in fear. It only requires that the acts be active and positive in their nature.

For the reasons assigned, our former decree is reinstated and made the final judgment of the court.