**HAYES et ux. v. OERTEL.**

**No. 17351.**

Court of Appeal of Louisiana. Orleans.
April 22, 1940.

Rehearing Denied May 6, 1940.
Writ of Certiorari Denied July 18, 1940.

Fred G. Veith, of New Orleans, for appellant.

Lewis R. Graham and Harry R. Cabral, both of New Orleans, for appellees.

JANVIER, Judge.

Mr. and Mrs. Willie Hayes brought this suit for the use and benefit of their minor son, Edmund, who, at the time of the accident from which the litigation results, was about nineteen years of age.

On the night of September 1, 1935, the said Edmund Hayes sustained injuries in a fall at the premises No. 922 Tchoupitoulas Street, in which building an apartment was occupied as a residence by his aunt, Annie Hayes, a lessee of Carl Oertel, defendant. It is alleged that the accident in which the boy was injured was caused by a defect in a wooden walk located on a roof of a part of the building and that, after tripping, or losing his footing because of this defect, he fell against and then through a glass skylight, which was dilapidated and weak and which was located close to the defective walk.

It is alleged that defendant, Oertel, is domiciled in the Parish of Orleans and was the owner of the said building and it is charged that he is, therefore, liable for the damage sustained, and, on behalf of the minor, judgment for $3,250 is prayed for.

Defendant excepted to the jurisdiction of the Civil District Court for the Parish of Orleans, averring himself to be domiciled in the Parish of Jefferson and not in the Parish of Orleans, as alleged. This exception was overruled and Oertel filed an answer in which he denied the allegation that he was the owner of the building in question at the time of the accident and in which he denied, also, that there was any defect in the walk, or in the skylight, and in which he also denied all other charges of negligence on his part.

Before judgment was rendered the injured boy attained his majority and, on motion, was made party-plaintiff and was authorized to proceed in his own name with the prosecution of the suit.

There was trial by jury, which rendered a verdict in favor of plaintiff for $150. Defendant has appealed.

We shall first consider the question raised by defendant's plea in which he challenges the jurisdiction of the Civil District Court for the Parish of Orleans.

We do not find in the record any proof as to the domicile of the defendant except the statement contained in the exception to the jurisdiction. But it seems to be conceded that he is domiciled in the Parish of Jefferson, and it necessarily follows that the Civil District Court for the Parish of Orleans is without jurisdiction ratione personae unless the suit is one of those which, by exception to the general rule that a defendant may be sued only in the parish of his domicile, may be brought in the parish in which the damage is sustained. And plaintiff contends that it is such a suit and that, since the damage was done in the Parish of Orleans, it may be maintained in the district court of that parish under authority of Article 165 of the Code of Practice, the pertinent portion of which reads as follows: "9. Trespass. In all cases where any person, firm or corporation shall commit trespass, or do anything for which an action for damage lies or where any corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation."

■ It is conceded to be well settled that the exception to the general rule limiting venue to the court of the parish in which the defendant is domiciled is itself restricted, in those suits in which the defendant is an individual, to cases in which the individual is charged with having actively been guilty of negligence and does not include those suits in which the negligence charged consists in having been merely passively at fault. In other words, where the negligent act which causes the damage on which the suit is based is one of commission, the individual may be sued either in the parish of his domicile or "in the parish where such damage is done * * *", but, if the negligent act which causes damage is merely an act of omission, then the suit may be brought only in the parish of the domicile of the defendant tort-feasor. This is recognized in Tripani v. Meraux, 184 La. 66, 165 So. 453. See, also, Esthay v. McCain, La.App., 180 So. 235; Id., La.App., 185 So. 670.

But, on behalf of plaintiff, it is declared that the negligence which is charged against defendant includes acts of commission as well as acts of omission in that, though the principal charges of negligence are that the walk and the skylight were permitted to become dilapidated and unsafe and even though such charges, coupled with the further charge that defendant failed or neglected to make the necessary repairs, may constitute allegations showing only passive omissions, there are other allegations to the effect that there were defects in original construction and that those defects were chargeable to defendant and that a charge that a building, or any part thereof, was negligently constructed, constitutes a charge of active negligence; an act of negligent commission.

In Esthay v. McCain, supra [180 So. 236], defendant, a contractor, was charged with negligence in that he "permit[ed] a leaky and defective bridge to remain as a public crossing", which act on the part of defendant, if true, the court said, "is an act of passive negligence". Yet defendant was also charged " * * * with providing or setting up such a leaky and defective bridge and affirmatively advising and instructing plaintiff's driver that the bridge was safe and persuading him to attempt to cross thereon, * * *" and the court said that the last mentioned charges, if true, would constitute active negligence. The Supreme Court refused to issue a writ of certiorari, thus apparently approving this conclusion.

■ It appears to be thus settled that, though failure to repair a defect is merely passive negligence, negligently to erect a dangerous structure is active negligence. If, then, defendant here is charged with responsibility for the original negligent construction of the walk, or of the skylight, then he may be sued in the court of the parish in which the damage was done.

■■ Let us see what negligence concerning the walk is alleged. It is true that the petition charges that "either the said defendant, or some previous owner, had constructed on the said roof a plank walk", but, even if it be true that this rather indefinite averment may be construed as charging Oertel with having originally constructed the walk, nowhere in the petition do we find anything charging that the walk was negligently or improperly constructed, the sole complaint, so far as it is concerned, being that the boards of which it was constructed had been permitted to warp and become loose and uneven. So that, obviously, it cannot be said that the petition contains any charge of active negligence in Oertel in that, in building the

walk originally, he was responsible for its improper design or construction.

Now, let us consider the averments concerning the skylight. The specific charge is not that it was improperly constructed, but solely that, on the night on which the accident occurred, it was in an unguarded condition and was not protected by a guard of any kind and was in a weakened and dilapidated condition and that there were panes of glass missing. All of these charges constitute allegations of mere passive failure to repair—no acts of commission. But the petition also contains a description of the skylight and of its size and of its location with reference to the walk; and it is possible that these allegations may be construed as charging negligence in the locating of the two so close together and that this may be pointed to as such active negligence as to authorize the application of the exception to the general rule concerning jurisdiction in tort cases, although a careful reading of the petition does not show that defendant is charged with having constructed the skylight. This failure to allege defendant's connection with the construction of the skylight should not be availed of to cause complete dismissal of the suit, because, even had the case not been tried on the merits and even had evidence on this point not been introduced, we would have been of the opinion that the matter should have been remanded to the district court and that plaintiff should have been accorded an opportunity to amend the petition and to allege that the skylight had been constructed by defendant. Of course, this was not done because the exception was overruled in the court below and, when the case went to trial, defendant himself admitted that the skylight had been constructed by him, so that it is obvious that, if the matter had been remanded for such an amendment, the allegation could have been truthfully made. Therefore, though exceptor is technically correct in the contention on which this exception is based, it would serve no useful purpose to remand the matter.

We pass on to a consideration of the second question raised by defendant, which is that he is not shown to have been the owner, at the time of the accident, of the building in which the alleged negligent construction was done.

■ If he was not the owner, then he would not be liable because Articles 670 and 2322 of the Civil Code, on which plaintiff relies, have no application except in a suit against an owner, and, in support of the contention that he was not the owner of the building, Oertel points to his statement, which he contends proves that by tax sale he had lost the property to the City of New Orleans. Plaintiff has offered no proof showing the ownership of Oertel, but Oertel himself admitted that he had once been the owner and that he had leased the apartment to plaintiff's aunt and attempts to avoid the effect of this statement that he once owned it and to prove that he no longer owns it by the simple statement: "The city got it". He relies upon this statement as showing that, prior to the accident, the city had taken the property over as the result of a tax sale and that he was, therefore, no longer the owner at the time of the accident.

There is a controversy between counsel as to the legal effect of the taking over of property at tax sale where there remains the right of redemption and where the taxing authority which has taken over the property permits the original owner to remain in possession and to continue to collect rent from the property. Assuming that defendant is correct and that, if there has been actually a tax sale by which the city has taken over the title of the property, he no longer could be considered as the legal owner within the contemplation of Articles 670 and 2322 of the Civil Code, we think that he has signally failed to prove that there has been any such tax sale. The mere statement that "the city got it" is not sufficient to show divestiture of title where he concedes that, prior to the time at which the city "got" it, he was the actual owner. The defense based on this contention is not well founded and we next consider the facts concerning the occurrence of the accident.

■ When we come to consider these facts, we are unable to find any fault in defendant. The walk was constructed of two-inch planks, laid lengthwise from one end of the building to the other. They were twelve inches wide and the walk was two planks, or two feet in width. These were fastened to cross-pieces laid at intervals under them.

Plaintiff says that he fell because one of the boards "sinked in between the others".

Elizabeth Robinson, a witness for plaintiff, says that "the boards were really warped like—the two of them", and yet,

though she had occupied an apartment in the building for five years and though she knew Oertel, she says that she had never complained to him about the condition of the walk, though it was necessary for her to use it constantly.

Annie Hayes, plaintiff's aunt, whom he was visiting at the time of the accident and who had lived in the premises for more than four years, states that the walk "wasn't broken", but that "it would shake * * * when I walked on it".

Gustave Kinler, a carpenter, who had built the walk in 1928, says that he saw it about four or five months before the accident and that it was perfectly all right at that time. He saw it again later and found it to be in good condition, and, though this evidence was held to be objectionable, the defendant otherwise showed that, between the time of the accident and the examination by Kinler, no changes whatever and no repairs had been made.

F. P. Fischer, an engineer and a graduate of Washington and Lee University, examined the walk and the skylight at a time not definitely fixed, but which seems to have been about two years after the accident. He says that at that time it was "in good shape" and he shows plainly that there was nothing wrong with it or the skylight, and the testimony of Mr. Oertel is very positive to the effect that no repairs had been made between the time of the accident and the time at which Mr. Fischer made his examination.

All of the tenants used the walk regularly and none of them had made any complaint whatever. Oertel and his son testified that immediately after the accident both of them examined the walk carefully and found nothing the matter with it except that some of the boards were a little bit warped.

The frame of the skylight alongside the walk was, to some extent, dilapidated, but there was no reason to anticipate that anyone would come into contact with it. It was only 27 inches high, so that, even though it was placed at a slight angle, with the bottom nearer the walk than the top, still the top rail would have formed a protection for anyone exercising any care at all.

It is shown that the plaintiff, in the dark, was attempting to carry a watermelon and a block of ice from one end of the walk to the other, and, though his aunt said that she was following him with a lighted lamp in her hand, at the time of the accident she had not yet stepped out upon the roof, and, obviously, he was without any light. He had visited his aunt several times previously and, since he had stepped out upon the walk without any light, intending to traverse it from one end of the roof to the other end, where the ice-box was located, it seems certain that he must have been very familiar with the walk and the location of the ice-box.

It appears that the sole cause of the accident was plaintiff's own carelessness in attempting to negotiate the walk in the dark without sufficient light and with both arms burdened with heavy objects.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that plaintiff's suit be and it is dismissed at his cost.

Reversed.

McCALEB, J., absent, takes no part.