HARDY, Judge.
This is an action for damages, allegedly resulting from the wrongful acts of defendants, instituted in the Tenth Judicial District Court in and for Natchitoches Parish, Louisiana. An exception to the jurisdiction ratione personae was filed on behalf of the defendants, based upon the representation that all defendants were nonresidents of the Parish of Natchitoches. The exception was sustained and there was judgment dismissing plaintiff’s suit, from which he has appealed.
Plaintiff’s petition alleges him to be the sub-lessee of a certain described ten acre tract of land located in Natchitoches Parish, Louisiana, under a lease originally executed by the defendant, Mrs. Mattie W. Booth Stanfill as lessor.
For the purpose of considering the merits of the plea to the jurisdiction it is pertinent to note that plaintiff’s petition charges the defendants with dispossessing plaintiff and with “conniving” with his tenant; with interference with his possession; the taking of possession of the leased property, and participation in a conspiracy between defendants and plaintiff’s tenant which has resulted in difficulty in the collection of rentals.
The petition further alleged that the property is located, the breach of the lease contract occurred, and the defendants took possession of the property in Natchitoches Parish.
The only issue tendered in the instant case involves an interpretation as to the applicability, vel non, of the exception to the general rule of jurisdiction or venue providing that a defendant must be sued at his domicile, which exception is found in Article 165(9) of the Code of Practice, reading as follows:
“Trespass. In all cases where any person, firm or domestic or foreign corporation shall permit trespass, or do anything for which an action for damage lies or where any domestic or foreign corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation.”
It must be conceded, upon the basis of well established jurisprudence, that the ex *584 ceptions provided by law which permit institution of suits in places other than that of a defendant’s domicile are in derogation of common rights and must be strictly construed. It follows that unless plaintiff in the instant case, through the allegations of his petition, has clearly brought himself within the provisions of the exception, defendants are not properly subjected to the jurisdiction of the district court of Natchi-toches Parish.
Counsel for defendants contend that plaintiff’s itemized statement of damages as set forth in his petition are obviously based upon a claim for breach of contract. The alleged claims, to which reference is made, as incorporated in plaintiff’s petition, read as follows:
“Rent uncollectible or nearly so $ 375.00
“Arbitrary breach of contract 1,000.00
“Slander, libel and unnecessary work 500.00”
We do not regard the manner in which plaintiff has phrased his itemized claims as being controlling in the face of the affirmative allegations of his petition to which we have above referred.
The interpretation of the word “trespass”, as used in the ninth paragraph of Article 165, was clearly set forth in the opinion of the Supreme Court in Tripani v. Meraux, 184 La. 66, 165 So. 453, 456, which specifically declared that the word is used in the broad sense “of committing any wrongful act that injures another, and not in the technical sense of committing a trespass upon the property of another.”
The interpretation is supported by numerous pronouncements in cases which have arisen both before and since the Tripani case, and has been recently reiterated in the opinion of the Supreme Court in White v. Lockhart, 229 La. 611, 86 So.2d 397.
Under the broad construction of the term “trespass” we think plaintiff’s petition in the instant case has clearly alleged the commission of wrongful acts which would bring the question of jurisdiction within the explicit terms of the exception to the general rule.
Another distinction which has been sometimes considered deals with the question as to whether the injurious act has been an act of commission or omission. In the instant case we believe the representations of plaintiff’s petition clearly denominate the acts of defendants as being those of commission and therefore there is no necessity for consideration of this somewhat tenuous differentiation.
Where the acts complained of give rise to an action for damages it seems quite clear to us that the responsible parties may be sued in the parish where such damage is done. Under the allegations of the petition we think the observation of Mr. Chief Justice Fournet in his succinct dissenting opinion in the Tripani case, supra, is completely appropriate:
“The provisions of the article are very explicit and unambiguous and the strictest construction thereof possible cannot change the meaning of the most clear provisions of the article.”
For the reasons assigned the judgment appealed from is annulled, set aside and reversed; defendant’s plea to the jurisdiction is overruled, and the case is remanded to the Honorable Tenth Judicial District Court of Louisiana, in and for the Parish of Natchitoches, for further proceedings. Costs of this appeal are taxed against defendants-appellees, and it is ordered that the fixing of all other costs await final determination hereof.