TATE, Judge.
Under our supervisory jurisdiction (Act 561 of 1958, LSA-Constitution, Art. 7, Section 29), writs were granted to review the overruling by the trial court of an exception to the jurisdiction ratione personae filed- by the defendant partnership. This exception was tried on the pleadings, so that the jurisdiction must be decided upon the allegations of the plaintiff’s petition. O’Brien v. Delta Air Corp., 188 La. 911, 178 So. 489.
According to these allegations, the plaintiff municipality’s suit arises from the defective performance of a contract to install a sewer system within the town limits in St. Landry Parish by the defendant contractor, the M & L Construction Company, a partnership domiciled in Vermilion Parish. We granted supervisory writs because we entertained serious doubt that a non-corporate defendant could be sued for damages arising from breach of contract away from such defendant’s domicile, although unquestionably an action for damages arising from commission of a tort may properly be brought in the parish where such damages are done. Code of Practice, Article 165, subd. 9.[1]
Pointing out that the defendant partnership is domiciled in Vermilion Parish, in urging that the District Court erred in overruling its exception to the jurisdiction ratione personae to this suit brought in St. Landry Parish, the defendant primarily relies upon the general rule of jurisdiction that a defendant must be sued at his domicile. C.P. Art, 162.
On the other hand, the plaintiff municipality claims that St. Landry Parish is a proper venue for this suit because the damages for which it is brought were done in that parish, where the contract was breached by defective performance. To support this contention the plaintiff-respondent relies upon C.P. Article 165, subd. 9, one of the statutory exceptions to the general rule of jurisdiction, which codal exception provides :
“In all cases where any person, firm or domestic or foreign corporation shall commit trespass, or do anything for which an action for damage lies *581 or where any domestic or foreign corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation.”
The sole question before this court thus concerns a determination whether under C.P. Article 165, subd. 9 a suit for damages [2] caused by the defective performance of a construction contract may also be brought against a non-corporate defendant in the parish where the damage was done, rather than (as the defendant contends) only in the parish of that defendant’s domicile.
The only distinction drawn by the terms of the quoted codal provisions as between suits against corporate defendants and those against non-corporate defendants is that non-corporate defendants may be sued in the parish where the damage is done for damages caused by acts of commission only (where they “do anything for which an action for damage lies”), whereas corporate defendants may additionally be sued at such venue for damages caused by acts of omission (where they “fail to do anything for which an action for damage lies”). See Tripani v. Meraux, 184 La. 66, 165 So. 453; Gibbs v. Stanfill, La.App. 2 Cir., 94 So.2d 582; Armand v. Bordelon, La.App. 2 Cir., 53 So.2d 168; Hayes v. Oertel, La. App.Orl., 195 So. 388, 389; Esthay v. McCain, La.App. 1 Cir., 180 So. 235, (on rehearing) 185 So. 670. Incidentally, the parish where the “damage is done” is, for purposes of this codal article, “the parish in which the negligence, or the failure in the performance of a duty, occurred,” O’Brien v. Delta Air Corporation, above-cited, at 178 So. 492.
By well-settled judicial interpretation, such codal provision applies to suits for damages caused by breach of contract as well as by tort, so that in either event suit may be brought in the parish where the damage was done. Du Bell v. Union Central Life Ins. Co., 1947, 211 La. 167, 29 So.2d 709; O’Brien v. Delta Air Corporation, 1938, 188 La. 911, 178 So. 489; City of Lafayette v. Wells Fargo & Co. Express, 1911, 129 La. 323, 56 So. 257. Although (as able counsel for the defendant suggests) each of these cases involved only a corporate defendant and only an act of omission, neither the statutory provision nor any authority cited to us enables us to conclude that in this regard a different rule applies to non-corporate defendants sued for damages resulting from acts of commission. See Comment, Art. 74, LSA-Code of- Civil Procedure (1960).
Therefore the question presented to us in this matter narrows down to a determination of whether the allegations of the petition show that the damages for which recovery is sought resulted from acts of com *582 mission rather than of omission — that is, from something done in St. Landry Parish rather than from something not done there. For, to track the words of the statute, a partnership or other non-corporate defendant is liable to suit in the parish where the damage-causing default occurred “in all cases” where it “shall * * * do anything for which an action for damage lies”, as contrasted with the greater exposure of a corporate defendant which is also subject to suit in such foreign parish when it “shall fail to do anything for which an action for damage lies”. (Italics ours.)
The petition herein alleges that the defendant partnership “failed to comply with and fulfill” its contractual obligations, particularly in that it “improperly installed the sewerage lines * * * resulting in infiltration * * * [and] in such manner as to cause reverse flowage”, “failed to follow the requirements of the said contract”, “failed to make the sewer connections water tight”, and “installed [certain of the sewer lines] in a manner which results in excessive infiltration into the sewerage lines and causes the same * * * to become overloaded” (Article S).
Defendant’s able counsel contends with considerable persuasiveness that a suit for damages arising because the defendant partnership “failed to comply with and fulfill” its contract is on its face a suit based upon an omission, a failure to perform a duty. Contrariwise, plaintiff’s able counsel points to phrases describing the defendant’s default in terms of commission (e. g., “improperly installed * * * in a manner which results in excessive infiltration”), and in the alternative prays that this matter be remanded so that the petition can be amended for the language to be recast so as to describe the remaining acts complained of in terms of commission and active violation of the contract.[3]
lt is evident that the same damage-causing act may easily be described either as an omission or as a commission:-For example, “The defendant failed to comply with its contract in that it failed to install the sewer lines properly, as a result of which the sewer water escaped and caused damage to my house”, may also be stated as, “The defendant improperly performed its contract in that it negligently and improperly installed the sewer lines, as a result of which the sewer water escaped and damaged my house”.
But we do not believe that, when the legislature permitted suits for damages to be brought in the parish where the loss was caused rather than only at the defendant’s domicile (perhaps because ordinarily the evidence as to such damages is more readily available in the former parish, or for whatever reason deemed sufficient by the lawmaker), it intended by C.P. Art. 165, subd. 9 to base venue upon the wording used by the lawyers to describe the acts which caused the damages complained of rather than upon the nature of the acts themselves.
When defective construction has caused damages, the two cases cited to us on the question have sought to distinguish the nature of the acts which are commissions and fix venue under C.P. Art. 165, subd. 9, from those acts which are omissions unavailable to fix venue away from the domicile of non-corporate defendants. In Hayes v. Oertel, La.App.Orl., 195 So. 388, certiorari denied, and in Esthay v. McCain, La.App. 1 Cir., 180 So. 235, (on rehearing) 185 So. 670, certiorari denied, the courts felt that although the failure to repair a defective structure which caused the damages was merely an omission, on the other hand the improper construction of such defective structure (the doing of some act) was a commission; and in both cases, upon the *583 allegations of such improper construction by the non-corporate defendants, suit was sustained in the parish where the damage was caused by the defective structure. Although, as the defendant points out, these are tort cases, we see no reason why the principle is not equally applicable for purposes of determining venue under C.P. Art. 165, subd. 9 when the damages result from a contractual breach.
We also find persuasive the plaintiff’s contention that since what were denoted as “passive violations” of contracts were held to be a failure to do or an “omission” so as to confer jurisdiction over corporate defendants under C.P. Art. 165, subd. 9 (see the above-cited Du Bell; O’Brien, and City of Lafayette v. Wells Fargo & Co. Express cases), therefore logically a contract’s “active violation” causing damages is equivalent to a doing or a commission” for purposes of venue under this same codal provision-the unskillful and defective construction of buildings or equipment not in accordance with a contractual obligation having been held to be an active as compared with a passive violation of a contract for purposes of awarding damages under the different rules applicable to active as compared with passive violations. Levy v. Schwartz & Bros., 34 La.Ann. 209; Hill & Markam v. Penny, 15 La.Ann. 212; Cable v. Leeds & Co., 6 La.Ann. 293. See LSA-C.C. Art. 1930: “A contract may be violated, either actively by doing something inconsistent with the obligation it has proposed or passively by not doing what was covenanted to be done, or not doing it at the time, or in the manner stipulated or implied from the nature of the contract”.
We therefore find that the District Court properly held that the allegations of the petition charged the defendant partnership with a damage-causing commission in St. Landry Parish so as to constitute that parish a proper venue under C.P. Art. 165, subd. 9 for this suit to recover damages resulting from an alleged contractual breach.
Having found that under C.P. Art. 165, subd. 9 St. Landry Parish is a proper venue for this suit against the partnership, it is unnecessary to consider whether this parish might not also be a proper venue for the suit under LSA-R.S. 13:3471(11).
Before concluding, we think that both counsel should be commended for unusually scholarly and exhaustive briefs to aid this court in the construction of a codal provision criticized as making “tenuous” distinctions (Gibbs v. Stanfill, above-cited, at 94 So.2d 584) and as “very difficult to apply”. (See Reporter’s Comments to Art. 74 of Louisiana Code of Civil Procedure, 1960, which simplifies and replaces C.P. Art. 165, subd. 9.)
For the foregoing reasons, the writs previously granted by this court are recalled and rescinded, and this proceeding is remanded to the trial court for further proceedings according to law and not inconsistent with the views expressed herein.

. Following the granting of writs upon the application of the defendant partnership, Docket No. 148 of this court, the other defendants — the partners individually, and the insurance company which was the surety on the construction contract — applied for and were granted supervisory writs also as to the trial court’s failure to sustain exceptions to the jurisdiction ratione personae filed by these other defendants (Docket No. 163), our opinion as to this companion writ being reported at 123 So.2d 683.

. The demand of the suit is, actually: (1) For specific performance to have the partnership “correct all of the aforesaid defective work” (Art. 7); and only in the alternative for it to pay the additional sum necessary to do so (Art. 8), i. e„ to pay damages caused by the breach of the contract, see LSA-C.C. Arts. 1930, 1934, cf., Du Bell v. Union Central Life Ins. Co., 211 La. 167, 29 So.2d 709, 711 (syllabus 3) ; as well as (2) for certain damages sustained in attempting to correct the defective work and by reason of the excessive consumption of electricity due to the defective work (Art. 6); and also (3) for attorneys’ and engineering fees as provided by the contract in the event of its breach (Arts. 11, 12, 13). Altliough clearly a suit for specific performance could not properly lie under C.P. Art. 165, subd. 9 in St. Landry Parish, and although perhaps on that account such demand was improperly cumulated with the demands for damages (see Articles 462(1), 464, LSA-Code of Civil Procedure 1960, especially Comment under latter article; but cf., 92 C.J.S. Venue § 70, p. 769), that question is not before us (and in fact may have been waived by the failure to file this dilatory exception in limine, C.P. Art. 333, see 1 McMahon, Louisiana Practice, 1939, 364-366); so that for purposes of this opinion we shall without further comment treat this as a suit for damages only.

. “Where some of the acts charged are passive or negative in character while others are active and positive in their nature, the suit may be brought in the parish where the damage occurs. Gui-pepper v. Ark. Southern. R. R. Co., 110 La. 745, 34 So. 761; Castille v. Caffery Central Ref. & R. Co., 48 La.Ann. 322, 19 So. 332,” Esthay v. McCain, La.App. 1 Cir., 180 So. 235, 236.