184 So.2d 625 (1966)
Mrs. Ruby H. COURSEY and R. E. Edwards
v.
Harvey B. WHITE.
No. 2220.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1966.
Rehearing Denied April 4, 1966.
*626 Levy, Smith & Ford, Adolph J. Levy, New Orleans, for plaintiffs-respondents.
Erlo J. Durbin, Denham Springs, Herman & Herman, A. I. Kleinfeldt, New Orleans, for defendant-relator.
Before REGAN, SAMUEL and HALL, JJ.
REGAN, Judge.
The plaintiffs, Mrs. Ruby H. Coursey and R. E. Edwards, filed this suit against the defendant, Harvey B. White, endeavoring to recover damages in the respective amounts of $100,000.00 and $50,000.00 which they assert were incurred by them as the result of the wrongful seizure of real property pursuant to a writ of executory process issued by the Twenty-first Judicial District Court for the Parish of Livingston on a petition filed therein by the defendant.
The defendant in response to the foregoing suit pleaded a declinatory exception which counsel for the respective litigants concede is leveled at the improper venue of the suit.
The lower court overruled the defendant's exception, and he applied to this court for supervisory writs. Writs were granted, and the issue raised thereby is now posed for our consideration in conformity with our supervisory jurisdiction.
The petition asserts that the property which was wrongfully seized by the defendant is located in the Parish of Livingston; that the plaintiff, Ruby H. Coursey, is a resident of the Parish of East Baton Rouge and that the other plaintiff, R. E. Edwards is a resident of the Parish of Orleans. The suit was instituted in the Parish of Orleans in an endeavor to recover damages on behalf of Mrs. Coursey for past and future mental anguish and on behalf of Edwards for mental anguish, disparagement of his reputation and credit rating as a result of the alleged wrongful seizure.
The defendant insists that since the alleged wrongful conduct occurred in the Parish of Livingston, and in view of the fact that the domicile of the defendant is also in the same parish, the proper venue for this suit by virtue of the Code of Civil Procedure is the Parish of Livingston.
The plaintiffs counter with the argument that Article 74[1] of the Code of Civil Procedure provides that a suit arising out of an offense or quasi offense may be instituted in the parish where the damages "were sustained". In explanation thereof, they assert that the mental anguish and loss of reputation and credit rating incurred by Edwards was "sustained" by him in Orleans Parish where he resides so that this parish possesses the proper venue.
At the inception hereof, we reiterate merely for the purpose of emphasis that the *627 plaintiff's principal demand was not for the wrongful seizure of the property which actually occurred in Livingston Parish. Instead, they sued upon an issue which is an element of the damage emanating therefrom, that is, for mental anguish and loss of credit ratings, which theoretically at least "were sustained" in Orleans Parish.
If the plaintiffs had sought damages herein for the actual wrongful seizure, the result would be relatively clear. The proper venue under such circumstances would have been the parish where the seizure occurred, and the damages indirectly resulting therefrom, such as mental anguish and loss of credit rating, would have to be litigated and recovered or refused in connection therewith.
However, the plaintiffs only request recovery for injuries which emanate indirectly from or as an element of the main damage. Moreover, a significant consideration herein is the nature and character of the damages incurred. Edwards asserts that his credit rating was injured in Orleans Parish, thereby creating the proper venue. However, suffice it to say that if his credit rating was injured locally, it necessarily follows that it was injured in every parish throughout the state. Under this hypothesis, the plaintiff could choose any parish in Louisiana and sue therein for the damages which he incurred to his credit rating.
A similar situation exists with respect to the plaintiffs' claim for mental anguish as a result of the seizure in Livingston Parish. Mental anguish is "sustained" wherever the person suffering therefrom happens to be when it occurs. If by chance the plaintiffs had been in Allen Parish, Lafourche Parish, or West Carroll Parish, for example, when they learned of the illegal seizure, the damage for mental anguish would have been "sustained" in those locations and not in Orleans Parish.
In our opinion, it is quite obvious that Article 74 of the Code of Civil Procedure was never intended by the redactors thereof or by the legislature to permit a plaintiff to litigate in any parish of the state so capriciously or that in order to do so he should be permitted to divide the main damage from an element thereof in order to choose his venue.
Article 42(1) of the Code of Civil Procedure enunciates the general rule that the proper venue in an action against an individual domiciled in Louisiana is the parish of his domicile. This, of course, is legislative recognition of a rule deeply woven into the fabric of our legal system that an individual possesses the right to be sued before his own judge.
We are compelled to reach the inevitable conclusion that in a case where the damage incurred by the plaintiffs is so subjectively nebulous that it could be litigated in any parish of their choice, the proper venue therefor is the parish of the defendant's domicile which, very significantly in this case, is also the parish where the wrongful conduct occurred.
We do not intend as a result of what we have said herein to emasculate the rationale emanating from Article 74 of the Code of Civil Procedure. We limit the ratio decidendi hereof to the facts emanating herefrom for the reason that in most cases of a delictual nature the place where the injury or damage was "sustained" is clear and easily established.
For the foregoing reasons, the judgment of the lower court is reversed, and judgment is hereby rendered maintaining the defendant's exception to the venue of this suit; and the matter is remanded for such further proceedings as the nature of the case may require.
The plaintiffs are to pay all costs incurred herein.
Reversed and remanded.
NOTES
[1] "An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained."