420 So.2d 1024 (1982)
Tina KING (Mrs. Thomas King)
v.
The NATIONAL BANK OF BOSSIER CITY, et al.
No. 5-137.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1982.
*1025 Leroy A. Scott, Shreveport, Danny Becnel, Reserve, for plaintiff-appellant.
Robert E. McDonald, Metairie, for defendants-appellees.
Before CHEHARDY, BOWES and GRISBAUM, JJ.
BOWES, Judge.
The sole issue in this case is whether the trial court properly maintained an Exception of Improper Venue by the defendant, National Bank of Bossier City. The plaintiff, Tina King, has appealed the trial court's judgment.
In early 1979, Tina King was employed by the National Bank of Bossier City as a telephone switchboard operator. As part of her duties, Mrs. King would take messages and requests for the bank's accounting department, which included transfers of funds from checking accounts to savings accounts, and vice versa, at the request of banking customers. When a particular customer claimed shortages of $25.00 and $250.00 in her account, Mrs. King was charged with theft of these amounts by defendant, Richard Hendrick, a security officer with the bank.
Subsequent to these charges, plaintiff's husband had been discharged from the Air Force and the couple had returned to their home in Paradis, St. Charles Parish. A warrant was issued for the plaintiff's arrest in St. Charles Parish pursuant to the theft charges filed in Bossier Parish. Mrs. King was arrested at her home in St. Charles Parish and taken to the St. Charles Parish Courthouse in Hahnville, where she was fingerprinted and photographed. At this time the plaintiff submitted to a polygraph test and hired attorneys in St. Charles and Bossier Parishes.
Mrs. King's husband eventually re-enlisted in the Air Force and was again stationed in Shreveport where the couple returned to live. Upon returning to Shreveport, the plaintiff sought employment at a K-Mart store, where she had previously been employed, but was turned away because of the pending criminal charges. Mrs. King subsequently obtained employment at Gibson's and while employed there the criminal charges were dismissed.
Plaintiff filed suit in the 29th Judicial District for the Parish of St. Charles alleging false arrest and invasion of privacy by the National Bank of Bossier, acting through it's agents, officers or employees. In the petition, plaintiff alleges damages as a result of attorneys' fees to defend her arrest charge, polygraph tests taken at her expense, wages lost from work, and embarrassment, false arrest and humiliation. Plaintiff additionally alleged in her petition that after charges were dropped against her, Rick Hendrick, security and/or personnel manager at the bank, made a telephone call to her employer at Gibson's in Bossier Parish asking if plaintiff's employer was aware that they had a criminal employed, thus constituting an actionable invasion of privacy. Defendant, National Bank of Bossier City, filed exceptions of improper venue alleging that no "damages or wrongdoing occurred in St. Charles Parish and that proper venue was Bossier Parish." The exception was heard and maintained and the plaintiff now appeals that decision.
Article 74 of the Louisiana Code of Civil Procedure states in pertinent part:

*1026 "An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained."
There has been a judicial interpretation given to the second venue possibility "in the parish where the damages were sustained." In the case of Town of Eunice v. M & L Construction Company, 123 So.2d 579 (La. App. 3rd Cir.1960), the court stated, "The parish where the `damage is done' is, for the purpose of this codal article, `the parish in which the negligence, or the failure in performance of a duty, occurred.'"
Counsel for plaintiff-appellant in his brief states that both a false arrest and a wrongful repossession of Mrs. King's automobile occurred in St. Charles Parish. However, there was no evidence of this automobile repossession in the record, nor was it alleged anywhere in the plaintiff's petition. This court cannot review evidence that is not in the record, nor receive evidence so as to supplement the record properly before it. National American Bank of New Orleans v. Purvis, 407 So.2d 754 (1st Cir.1981). Therefore, we cannot take cognizance of any alleged wrongful repossession of the plaintiff's automobile in St. Charles Parish.
The only activity that Mrs. King can be heard to complain about in St. Charles Parish would be her actual arrest. Under Article 74 of the Louisiana Code of Civil Procedure, the wrongful conduct must occur or the damages must be sustained in the parish where suit is filed. In this case, the conduct of the authorities in St. Charles Parish cannot be alleged wrongful. They were only acting on a warrant pursuant to theft charges filed in Bossier Parish. Any wrongful conduct would have been in the parish where charges were filed.
Likewise, under Town of Eunice vs. M & L Construction, supra, the parish where damages were sustained would be the parish where negligence, or the failure in performance of a duty occurred. Any negligence or failure to perform a duty in this case would have occurred in Bossier Parish, where charges were filed, and not in St. Charles Parish. For these reasons, it is clear to us that the court of proper venue would be the district court in Bossier Parish. La. C.C.P. art. 74.
Plaintiff-appellant also alleges in her brief that the trial judge signed two inconsistent judgments relative to the defendant's Exception of Improper Venue, therefore rendering each a nullity. The record reflects that after the court dismissed plaintiff's cause of action for want of proper venue, the defendant was asked to submit a judgment to the court for signature. The defendant drafted two judgments, one dismissing the demand of the plaintiff, Tina King, and another also dismissing the demand of Tina King with precisely the same wording but additionally ordering the transfer of the suit to the Twenty-Sixth Judicial District Court for the Parish of Bossier. The judge signed both judgments. We do not find that these judgments are in any way inconsistent.
Certain issues were introduced at oral argument which were not advanced as specifications of error and not briefed. In accordance with Rule 2-12.4 of the Uniform Rules of the Courts of Appeal, this court considers those issues abandoned.
For the reasons assigned, the judgment of the District Court is affirmed.
AFFIRMED.