503 So.2d 627 (1987)
Pamela A. LAPEYROUSE
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, et al.
No. CA-6097.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
As Corrected on Denial of Rehearing March 19, 1987.
Wade D. Rankin, Schafer & Schafer, New Orleans, for defendant/appellant.
Glenn L. Morgan, New Orleans, for plaintiff/appellee.
Before BARRY, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
This is an appeal from a lower court judgment which overruled defendant's exception of improper venue. Although this appeal is from an interlocutory judgment, and the more appropriate means of review would have been by way of supervisory writs, it has been held that irreparable injury occurs if there is any error in a ruling of this sort. Herlitz Construction Co. Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Sales Tax Collector v. Eckco Fabricators, 423 So.2d 1218 (La. App. 5th Cir.1982). We therefore, consider the merits of this appeal. C.C.Pro. Art. 2083.
Plaintiff, Pamela A. Lapeyrouse, filed suit in Civil District Court for the Parish of Orleans seeking damages as a result of an automobile accident which occurred on February 8, 1985 in Jefferson Parish. Defendants *628 are Roland and Stephanie Lewis, both domiciled in Jefferson Parish, and their liability insurer, United Services Automobile Association (USAA), a foreign insurer.
Defendants filed an exception of improper venue and prescription. The trial court overruled the venue and prescription exception. Defendants perfect this appeal urging the trial court erred in overruling the exception of improper venue. The prescription issue is not before us.
Article 42 of the Code of Civil Procedure sets forth the general rules of venue. As it relates to the instant case, it provides in pertinent part:
"The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides, but is not domiciled in the state, in the parish of his residence;
* * * * * *
(7) A foreign or alien insurer shall be brought in the parish of East Baton Rouge."
There are numerous exceptions (Articles 71 thru 85) to the general rules of Article 42. Plaintiff argues that Article 74 is applicable. That article provides, in part:
"An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages are sustained."
Plaintiff urges a broad interpretation of Article 74. She argues that since she incurred medical expenses and endured pain and suffering in Orleans Parish, her residence, then venue should be proper in that parish. We disagree.
In the context of this case we interpret the phrase "where the damages are sustained" to mean the place where the negligence or breach of duty which caused the damage occurred. See, Town of Eunice v. M & L Construction Co., 123 So.2d 579 (La.App. 3rd Cir.1960). To interpret Article 74 in the fashion plaintiff suggests would result in venue being proper wherever she had her car repaired, or wherever she may happen to be when pain occurs. This certainly was not the intent of the legislature.
In Coursey v. White, 184 So.2d 625 (La. App. 4th Cir.1966) this Court was faced with a case wherein plaintiffs' suit in Orleans Parish sought damages for the mental anguish and loss of credit ratings as a result of a wrongful seizure which occurred in Livingston Parish. The defendant was also a resident of Livingston Parish. Plaintiffs argued in that case that since they sustained the alleged damages in Orleans Parish, Article 74 was applicable, and venue was proper. This Court rejected that argument, and stated:
"In our opinion, it is quite obvious that Article 74 of the Code of Civil Procedure was never intended by the redactors thereof or by the legislature to permit a plaintiff to litigate in any parish of the state so capriciously or that in order to do so he should be permitted to divide the main damage from an element thereof in order to choose his venue." Id. at 627.
We therefore conclude that venue is improper in Orleans Parish. Under Code of Civil Procedure Article 121 when an action is filed in a court of improper venue, the court may dismiss the action, or in the interest of justice, transfer it to a court of proper venue. In Bank of New Orleans & Trust Co. v. Phillips, 415 So.2d 973 (La. App. 4th Cir.1982), we stated that where a plaintiff knowingly files suit in the wrong venue, the action will be dismissed; whereas, if there is an erroneous good faith filing in the wrong venue, the action will be transferred.
We conclude that this matter was filed in Orleans Parish based on a good faith erroneous interpretation of Article 74, and therefore order that the matter be transferred to Jefferson Parish.
For the above and foregoing reasons, this matter is reversed and remanded to the trial court. The trial court is directed to enter the appropriate order transferring *629 the matter to the 24th Judicial District Court, Parish of Jefferson.
REVERSED AND REMANDED.

ORDER
PER CURIAM.
Because appellant only appealed the trial court's denial of his exception of improper venue, only that issue was considered by this Court. However, in setting forth the facts in the original opinion, we stated on page one that the trial court "did not rule on the prescription issue". We correct that sentence to read: "The trial court overruled the venue and prescription exception." Because the prescription issue was not before us, that correction does not affect our original holding.