532 So.2d 226 (1988)
FOGLEMAN TRUCK LINE, INC. Plaintiff-Appellee,
v.
SOUTHERN BULK CARRIERS, INC., et al, Defendants-Appellants.
No. 87-711.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
*227 Noble M. Chambers, Jr., John D. Trahan, Crowley, for plaintiff-appellee.
Shows, Clegg & Cohn, E. Wade Shows, Wm. A. Morvant, Baton Rouge, for defendant-appellant.
V. James Stewart, Baton Rouge, in pro. per.
Before GUIDRY, FORET and STOKER, JJ.
FORET, Judge.
Venue is the sole issue on appeal in this action for damages for malicious prosecution instituted by plaintiff, Fogleman Truck Line, Inc. against Southern Bulk Carriers, Inc., Material Delivery Service, Inc., and V. James Stewart.
Suit was filed in Acadia Parish, the domicile of plaintiff. Defendants filed a declinatory exception of improper venue which was overruled by the trial court. Defendants appealed. We reverse, sustaining defendants' exception of improper venue and remand this action to the Nineteenth Judicial District Court, East Baton Rouge Parish, for further proceedings.

FACTS
The following facts were stipulated at the hearing of the exception:
1) Fogleman Truck Line, Inc. is incorporated and domiciled in Acadia Parish, Louisiana; the registered office is in Acadia Parish and the officers reside and operate the business in Acadia Parish.
2) V. James Stewart, defendant, is a resident of and domiciled in East Baton Rouge Parish.
3) Southern Bulk Carriers, Inc., defendant, is domiciled in East Baton Rouge Parish.
4) Material Delivery Service, Inc., defendant, is a foreign corporation.
5) The original complaint, the basis of the instant lawsuit for malicious prosecution, was filed in East Baton Rouge Parish, with the Louisiana Public Service Commission which is also domiciled in East Baton Rouge Parish.
6) Fogleman was served with the original complaint by either registered or certified mail in Acadia Parish, Louisiana.
7) Fogleman is engaged in the trucking business and has a state-wide operation with its home office located in Acadia Parish.
8) Attorney's fees were incurred by Fogleman, in Acadia Parish, in the amount of $500; no appearances were made in East Baton Rouge Parish by either Fogleman or its attorneys.
9) The original complaint filed with the Louisiana Public Service Commission was voluntarily dismissed by defendants herein.

DECLINATORY EXCEPTION OF IMPROPER VENUE
The trial court found venue was proper in Acadia Parish, under La.C.C.P. art. 74, because Fogleman had incurred attorney's fees, as an element of damages, in Acadia Parish. The sole issue before us is to determine whether the trial court was correct in this finding.
"Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La.C.C.P. art. 41. C.C.P. art. 42 states the general rules of venue, in pertinent part, as follows:
"The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile;
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located;
. . . . .
*228 (4) A foreign corporation licensed to do business in this state shall be brought in the parish where its principal business establishment in the state is located, as designated in its application to do business in the state; ..."
The general rules of venue provided in the above article are subject to the exceptions provided in La.C.C.P. arts. 71-85. La.C.C. P. art. 43.
La.C.C.P. art. 74 states the exception to the general venue rules for actions on offenses or quasi offenses, as follows:
"An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur."
Fogleman contends that this suit may be brought in Acadia Parish, despite the fact that none of the defendants reside in Acadia Parish, because damages were incurred by plaintiff in that parish.
The exception to the general venue rules set forth in La.C.C.P. art. 74 must be strictly construed and a party claiming the benefit of an exception must bring himself clearly within the exception. See, Hawthorne Oil & Gas Corp. v. Continental Oil Co., 377 So.2d 285 (La.1979); Edmond v. Webre, 413 So.2d 306 (La.App. 3 Cir. 1982).
The jurisprudence interpreting La.C.C.P. art. 74 and defining the "parish where the damages were sustained" was thoroughly reviewed in a recent decision of the First Circuit in Belser v. St. Paul Fire & Marine Ins., 509 So.2d 12 (La.App. 1 Cir.1987). The court analyzed Coursey v. White, 184 So.2d 625 (La.App. 4 Cir.1966); Foster v. Breaux, 238 So.2d 803 (La.App. 1 Cir.1970), appeal on other issues, 263 La. 1112, 270 So.2d 526 (La.1972); King v. National Bank of Bossier City, 420 So.2d 1024 (La. App. 5 Cir.1982); and Lapeyrouse v. United Services Automobile Association, 503 So.2d 627 (La.App. 4 Cir.1987), as follows:
"In Coursey v. White, the plaintiffs were residents of East Baton Rouge and Orleans Parishes. They filed suit in Orleans Parish against a resident of Livingston Parish for mental anguish and damages to credit ratings resulting from a wrongful seizure of land located in Livingston Parish. The court held Orleans was an improper venue with the following rationale:
If the plaintiffs had sought damages herein for the actual wrongful seizure, the result would be relatively clear. The proper venue under such circumstances would have been the parish where the seizure occurred, and the damages indirectly resulting therefrom, such as mental anguish and loss of credit rating, would have to be litigated and recovered or refused in connection therewith.
However, the plaintiffs only request recovery for injuries which emanate indirectly from or as an element of the main damage. Moreover, a significant consideration herein is the nature and character of the damages incurred. Edwards asserts that his credit rating was injured in Orleans Parish, thereby creating the proper venue. However, suffice it to say that if his credit rating was injured locally, it necessarily follows that it was injured in every parish throughout the state. Under this hypothesis, the plaintiff could choose any parish in Louisiana and sue therein for the damages which he incurred to his credit rating.
A similar situation exists with respect to the plaintiffs' claim for mental anguish as a result of the seizure in Livingston Parish. Mental anguish is `sustained' wherever the person suffering therefrom happens to be when it occurs. If by chance the plaintiffs had been in Allen Parish, Lafourche Parish, or West Carroll Parish, for example, when they learned of the illegal seizure, the damage for mental anguish would have been `sustained' in those locations and not in Orleans Parish.

*229 In our opinion, it is quite obvious that Article 74 of the Code of Civil Procedure was never intended by the redactors thereof or by the legislature to permit a plaintiff to litigate in any parish of the state so capriciously or that in order to do so he should be permitted to divide the main damage from an element thereof in order to choose his venue.
Coursey, 184 So.2d at 627.

. . . .
"In Foster v. Breaux, a plaintiff domiciled in Tangipahoa Parish filed suit in Tangipahoa Parish against defendants domiciled in Lafourche and Terrebonne Parishes, alleging that false accusations made in Plaquemines Parish by the defendants resulted in the plaintiff losing his job. The plaintiff contended his damages were sustained in Tangipahoa Parish where he resided because it was there that he suffered monetary losses, embarrassment, mental anguish and inability to secure employment. This court, relying heavily on Coursey v. White, held Tangipahoa Parish was an improper venue.
In King v. National Bank of Bossier City, the defendant, domiciled in Bossier Parish, filed theft charges in Bossier Parish against a St. Charles Parish resident (and former employee) who was subsequently arrested in St. Charles Parish. After the charges were dropped, the defendant's personnel manager called the plaintiff's new employer and asked if the new employer was aware of the charges. The St. Charles Parish resident filed suit in St. Charles Parish claiming false arrest and invasion of privacy and seeking damages for cost of criminal defense, loss of wages, embarrassment, humiliation and attorney fees. The court relied on Town of Eunice [v. M & L Construction, 123 So.2d 579 (La. App.1960)] and held St. Charles Parish was an improper venue with the following rationale:
The only activity that Mrs. King can be heard to complain about in St. Charles Parish would be her actual arrest. Under Article 74 of the Louisiana Code of Civil Procedure, the wrongful conduct must occur or the damages must be sustained in the parish where suit is filed. In this case, the conduct of the authorities in St. Charles Parish cannot be alleged wrongful. They were only acting on a warrant pursuant to theft charges filed in Bossier Parish. Any wrongful conduct would have been in the parish where charges were filed.
Likewise, under Town of Eunice vs. M & L Construction, supra, the parish where damages were sustained would be the parish where negligence, or the failure in performance of a duty occurred. Any negligence or failure to perform a duty in this case would have occurred in Bossier Parish, where charges were filed, and not in St. Charles Parish. For these reasons, it is clear to us that the court of proper venue would be the district court in Bossier Parish. La.C.C.P. art. 74.
King, 420 So.2d at 1026.

. . . .
"In Lapeyrouse v. United Services Automobile Association, 503 So.2d 627 (La.App. 4th Cir.1987), an Orleans Parish plaintiff filed suit in Orleans Parish against Jefferson Parish defendants and their foreign insurer, seeking damages from an automobile accident that occurred in Jefferson Parish. The Orleans plaintiff contended Orleans was a proper venue because she incurred medical expenses there and endured pain and suffering there. The court cited Town of Eunice and Coursey v. White and held Orleans Parish was an improper venue with the following rationale:
In the context of this case we interpret the phrase `where the damages are sustained' to mean the place where the negligence or breach of duty which caused the damage occurred. See, Town of Eunice v. M & L Construction Co., 123 So.2d 579 (La.App. 3rd Cir.1960). To interpret Article 74 in the fashion plaintiff suggests would result in venue being proper wherever *230 she had her car repaired, or wherever she may happen to be when pain occurs. This certainly was not the intent of the legislature.
Lapeyrouse, 503 So.2d at 628."
Belser, at pages 17, 18.
We find, as the Belser court concluded, that:
"The common thread that runs through the Coursey-Foster-King-Williams-Lapeyrouse line of cases is that, if any damage is caused to the plaintiff in the parish where the wrongful conduct occurred, that parish, and no other, is "the parish where the damages were sustained" for purposes of Article 74. This holding is consistent with the jurisprudence that Article 74 must be strictly construed. This holding evidences public policy determinations by the Coursey-Foster-King-Williams-Lapeyrouse courts that forum shopping should be minimized in actions for the recovery of damages for offenses and quasi offenses."
Id., at pages 18, 19.
In the instant case, none of the defendants reside in Acadia Parish. Clearly, the alleged wrongful or tortious act occurred when the original complaint was filed with the Louisiana Public Service Commission in East Baton Rouge Parish. Notably, the petition itself includes a claim for damages due to "damage to business, reputation and standing with [the] Louisiana Public Service Commission." The Commission resides in East Baton Rouge Parish and the alleged damages would have occurred in that parish.
It was stipulated at the hearing on this exception that plaintiff's trucking business is a statewide operation. Accordingly, plaintiff's claim for damages for "disruption of business, inconvenience, etc." and "embarrassment, humiliation, etc." would have been incurred on a statewide basis.
Only plaintiff's claim for attorney's fees was incurred exclusively in Acadia Parish and this is true only because plaintiff retained an attorney residing in Acadia Parish. The accrual of attorney's fees in Acadia Parish, as an element of damages arising incidental to the main damages allegedly sustained in East Baton Rouge Parish as a result of the filing of the original complaint, is insufficient to confer upon Acadia Parish the status of the parish "where the damages were sustained" for purposes of La.C.C.P. art. 74.
We find that East Baton Rouge Parish is the proper venue for this action under La. C.C.P. art. 74.
CONCLUSION
For the foregoing reasons, we reverse the trial court judgment, sustain the declinatory exception of improper venue, and remand the matter to the trial court, which is hereby directed to transfer the entire record of these proceedings to the Nineteenth Judicial District Court, East Baton Rouge Parish, in accordance with law. Fogleman Truck Line, Inc. is cast for costs of this appeal. Costs at the trial level shall await final disposition of this matter.
REVERSED, REMANDED, AND TRANSFERRED.