MARVIN, Judge.
Having instituted her tort action on the anniversary of the alleged accident, but in the wrong parish of the two-parish judicial district, plaintiff appeals a judgment that sustained the exceptions of improper venue and of prescription and dismissed the action. La.C.C. Art. 3492.
We affirm. See and compare Rasheed v. Pace, 489 So.2d 488 (La.App. 2d Cir.1986); Mayeux v. Martin, 247 So.2d 198 (La.App. 3d Cir.1971).
Plaintiff alleged the accident occurred May 23, 1985, in Webster Parish (of the 26th Judicial District) when a truck, owned by a Webster Parish corporation and driven by its employee (who was shown to have resided in Webster Parish), struck and injured a minor child of plaintiff, also a resident of Webster Parish.
The registered office of the defendant corporation is in Webster Parish. The Secretary of State is the agent for service of process of the defendant liability insurer of the corporation.
Plaintiff instituted the action in Bossier Parish (of the 26th Judicial District) on May 23, 1986. Venue would have been proper against all defendants either in East Baton Rouge Parish, where the defendant liability insurer is domiciled, or in Webster Parish. CCP Arts. 42, 45, 73, and 74. Venue was not proper in Bossier Parish.
*547 La.C.C. Art. 3462, concerning the prescription of an action that is filed in a court of improper venue, does not avail plaintiff. That article clearly provides in such a case that “prescription is interrupted only as to the defendant served by process within the prescriptive period.” Plaintiff did not serve process of the Bossier Parish action on any defendant on or before the anniversary of the alleged accident. Prescription was not interrupted against any defendant.
Confusing the concept of venue and jurisdiction, plaintiff argues that the 26th Judicial District Court is “a court of competent jurisdiction” and that, in any event, defendants should be deemed to have waived the exceptions by negotiating with her about the action for 1½ years after being served with process.
We agree there is no distinction between subject matter jurisdiction in the two parishes, Bossier and Webster, which comprise the 26th Judicial District Court. We acknowledge that judges of that judicial district are elected from, and hold court in, both parishes. Venue, however, is regulated by parishes and not by judicial districts.
The Code of Civil Procedure clearly distinguishes subject matter jurisdiction (Chap. 1, Title 1) from venue (Chap. 2, Title 1). Ponthieux v. Lindsay, 216 So.2d 407, 413 (La.App. 3d Cir.1968), affirmed on other grounds, 254 La. 647, 226 So.2d 482 (1969).
The code defines a “court of competent jurisdiction” in the conjunctive as “a court which has jurisdiction over the subject matter of, and is the proper venue for, the action ...” Art. 5251(4). See also CCP Art. 421. The 26th Judicial District Court of Bossier Parish was not a court of competent jurisdiction under Art. 5251(4).
Venue means the parish where an action ... may be brought and tried under the rules regulating the subject. Art. 41.
Plaintiff does not suggest or argue that defendants, by “negotiating” with her about the action for more than a year, misled her or caused her to rely on any assertion by a defendant that could have legally affected the tolling of liberative prescription. Plaintiff did not institute the action until the anniversary of the alleged accident.
This record shows that plaintiff and defendants thereafter labored under the misconception .that the action had been filed in Webster Parish until defendants attempted to file an answer to the action in Webster parish in 1987. Plaintiffs counsel was then advised by a letter from defendants’ counsel:
You may have received a copy of the Answer which I attempted to file ... with the Clerk in Webster Parish. I was advised ... that the matter was pending ... in Bossier Parish despite the fact that the caption on the Original Petition indicated that it was filed in Webster Parish. I realized at that time that the matter had been filed in the wrong venue ... and ... had prescribed.
I am therefore filing the enclosed exceptions of improper venue and prescription ....
We must conclude that plaintiff created the misconception and that defendants cannot be deemed to have waived or renounced venue or prescription. See Mayeux v. Martin, supra.
Transfer of the action from Bossier to Webster under CCP Art. 121 after the anniversary of the alleged accident would not have interrupted prescription, as plaintiff suggests.
DECREE
At appellant’s cost, the judgment is AFFIRMED.