683 So.2d 766 (1996)
Pete TRAIGLE and Robert Wolfe
v.
Randall L. IMHOFF (Three Cases).
Nos. 96-CA-325, 96-CA-326, 96-CA-327.
Court of Appeal of Louisiana, Fifth Circuit.
October 1, 1996.
Daniel Ranson, John M. Crosby, Gretna, for Appellant.
Before DUFRESNE, WICKER, and CANNELLA, JJ.
WICKER, Judge.
This appeal arises in three consolidated suits for breach of contract, in which the trial court granted the third-party defendant's exceptions of lack of jurisdiction over the person. *767 The defendant/third-party plaintiff has appealed. We reverse and remand.
The plaintiffs are Pete Traigle and Robert Wolfe in case number 96-CA-325 (district court number 477-259), Pete Traigle in number 96-CA-326 (district court number 477-260), and Pete Traigle in number 96-CA-327 (district court number 477-262). In each case, plaintiffs alleged they had entered into contracts with Randall Imhoff to invest substantial sums of money in the purchase of ostrich eggs and that Imhoff had guaranteed them return of their entire investment within one year, but had failed to do so. They sought return of their investments plus legal interest and costs.
Imhoff filed an answer making general denial of the allegations. He also filed a third-party demand against Cornerstone Ostrich Ranch Estate, Inc. (referred to as "C.O.R.E." by the parties), asserting plaintiffs had contracted with C.O.R.E. to board the ostrich chicks hatched from the eggs, but that plaintiffs had failed to pay the boarding fees, causing C.O.R.E. to convert and sell several of plaintiffs' ostriches. Imhoff asserted that he is entitled to indemnity from C.O.R.E. in the event he is held liable to plaintiffs. Alleging that C.O.R.E. is a corporation located in Arizona, having no registered agent for service of process in Louisiana, Imhoff served his third-party demand on C.O.R.E. pursuant to the Louisiana long arm statute.
C.O.R.E. responded with an exception of lack of jurisdiction over the person. (C.O.R.E. also filed an exception of no cause of action, which is not before us on this appeal.) C.O.R.E. asserted that Imhoff's third-party demand failed to state any facts to support the exercise of personal jurisdiction over it by the Louisiana court. Imhoff's petition alleges C.O.R.E. is a foreign corporation doing business in the state of Arizona and states there is a contract between C.O.R.E. and plaintiffs Traigle and Wolfe, but it alleges no facts showing any connection with Louisiana as to that contract. Further, it makes no allegations that the alleged conversion and sale of plaintiffs' ostriches occurred in Louisiana. Finally, C.O.R.E. asserted it has no offices, operations or employees acting on its behalf in the state of Louisiana.
At the hearing Imhoff testified he and his wife are owners of Shekinah Ostrich Investments, a joint venturer with C.O.R.E. in Premiere Imports, a California operation which imports ostrich eggs into the United States and handles them through the quarantine period. Premiere contracts with investors to produce chicks; its obligation ends when the chicks are delivered. Thereafter, the ostriches are boarded at C.O.R.E. or other such boarding operations.
Imhoff produced copies of documents which had been mailed or transmitted via facsimile from C.O.R.E. in Arizona to him in Louisiana, advertising its services and discussing the joint venture with Shekinah. C.O.R.E. also mailed Imhoff a monthly accounting which listed boarding fees incurred, the birds' condition and other information. In addition, C.O.R.E. advertised its boarding services in a national magazine called Ostrich Market Place which had several Louisiana subscribers, including Imhoff. He testified that C.O.R.E.'s solicitations in Louisiana began in 1992 and continued until November 1994.
The trial court concluded the evidence was insufficient to demonstrate that third-party defendant C.O.R.E. had sufficient contacts with the State of Louisiana to meet the minimum contact requirements of due process to warrant the court's exercise of jurisdiction over its person. In written reasons for judgment, the court stated that C.O.R.E.'s business activities take place in Arizona, where it operates an ostrich ranch. The court felt C.O.R.E. had neither purposefully availed itself of conducting business activities in Louisiana nor reasonably anticipated being brought into court in Louisiana: "C.O.R.E.'s business was handled out of state. C.O.R.E. would not have reasonably anticipated being sued in a Louisiana court." Accordingly, the court sustained the exception and dismissed the third-party demand. Imhoff has appealed.
On appeal Imhoff contends the trial court erred in the following findings: (1) that C.O.R.E. had insufficient contacts with Louisiana *768 to warrant exercise of personal jurisdiction over it by a Louisiana court; (2) that C.O.R.E. did not waive its exception of jurisdiction over the person by filing motions to transfer and to consolidate prior to filing its jurisdictional exceptions; and (3) that C.O.R.E. is not subject to personal jurisdiction of a Louisiana court.
Imhoff asserts that by filing the motions to transfer and to consolidate C.O.R.E. made a general appearance, thereby waiving any exceptions to personal jurisdiction. Further, he contends the court erred in finding insufficient contacts with Louisiana, because C.O.R.E. actively solicits business in Louisiana, enters into numerous contracts with Louisiana residents for boarding services, accepts checks for boarding services from Louisiana residents in the conduct of its business, directs extensive correspondence to Louisiana residents in connection with its business operations, forwards contracts for execution in Louisiana, and otherwise solicits and does business with Louisiana residents over an extended period of time.
None of the other parties have filed briefs on appeal.
Louisiana's long arm statute, La. R.S. 13:3201, states in pertinent part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
* * * * * *
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
In Superior Supply Co. v. Associated Pipe and Supply Co., 515 So.2d 790, 792 (La.1987), our supreme court stated that paragraph B of the statute was designed to insure that the long-arm jurisdiction of a Louisiana court extends to the limits allowed by due process:
Now, under the express terms of the present long-arm statute, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the long-arm statute. The limits of Louisiana's long-arm statute and the limits of constitutional due process are now coextensive.
In Superior, the court reviewed and analyzed jurisprudence of the United States Supreme Court regarding long arm jurisdiction, among them Burger King Corporation v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In the Burger King case, the Supreme Court concluded that when a nonresident has purposefully directed his activities at forum residents, he must present a compelling case that the presence of other conditions renders jurisdiction unreasonable.
Relying on Burger King and numerous other cases, our supreme court concluded that "when a nonresident who has purposefully established contacts and relationships with the forum state contests the assertion of personal jurisdiction, the court must analyze the quality and nature of the contacts, the relationship among the defendant, the forum and the litigation, and the evidence presented by the nonresident of facts militating against the exercise of jurisdiction, and must then determine whether the exercise of jurisdiction is reasonable." Superior Supply Co. v. Associated Pipe and Supply Co., supra, at 796.
*769 Crucial considerations are whether the nonresident defendant engaged in economic activities in both states relating to the litigation and whether the nonresident defendant purposefully directed his activities at forum residents. Superior Supply Co., supra, at 797.
Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the requirement of meaningful contacts is satisfied if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 106 (La.1991).
By requiring that a defendant must have purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, the requirement ensures that he will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the the unilateral activity of another party or a third person. * * * Thus, where the defendant deliberately engaged in significant activities within a state, or has created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections of the forum's laws it is presumptively not unreasonable to require the defendant to submit to the burdens of litigation in that forum as well.
de Reyes v. Marine Management and Consulting, Ltd., supra. Once the court decides that a defendant purposefully established such minimum contacts within the forum state, a presumption arises that jurisdiction is reasonable and the burden of proof and persuasion shifts to the defendant opposing jurisdiction to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Id.
We conclude that C.O.R.E.'s actions in advertising its services in a national magazine and in negotiating with Louisiana residents by mail and by telephone regarding its business arrangements are sufficient minimum contacts to confer long-arm jurisdiction on the Louisiana courts. C.O.R.E. presented no compelling case that exercise of such jurisdiction would be unreasonable under the circumstances of this case.
Considering our conclusion on the merits of the exception, we pretermit discussion of appellant's arguments concerning waiver of the exception.
For these reasons, the judgment of the lower court is reversed, the exception of lack of personal jurisdiction is overruled, and the case is remanded for further proceedings. Costs of this appeal are assessed against third-party defendant, Cornerstone Ostrich Ranch Estate, Inc.
REVERSED AND REMANDED.