JiCOOKS, Judge.
Plaintiff appeals the trial court’s grant of defendant’s exceptions of improper venue and prescription. We find no manifest error and affirm the ruling of the trial court.
FACTS
On September 2, 1995, Tammy L. Charles was hit in the head with a beer mug while attending the Annual Southwest Louisiana Zydeco Festival in Plaisanee, Louisiana, which is located in a rural part of St. Landry Parish. According, to her petition, the mug was thrown from the stage by a member of a performer’s entourage. Plaintiff was transported to Opelousas General Hospital, also located in St. Landry Parish. She was released that same day and returned to her home in St. Martin Parish, Louisiana.
*1000 Plaintiff filed her petition with the district court in St. Martin Parish on August 30, 1996, naming Southern Development Foundation, Inc., and First Financial |2Insurance Company as defendants, among others. Southern Development promotes the festival, while First Financial is the former’s liability insurer. All other defendants were voluntarily dismissed before the hearing of the exceptions.
First Financial was not served until September 9, 1996, while Southern Development was cited two days later. Both defendants filed declinatory exceptions asserting improper venue and peremptory exceptions of prescription. Defendants argued since “no defendant was served within one year of the alleged incident,” prescription tolled uninterrupted and plaintiffs suit should be dismissed or transferred to an appropriate venue.
The trial court, on January 22,1997, granted the exceptions and dismissed plaintiffs lawsuit, with prejudice. Ms. Charles appeals, arguing the trial court committed manifest error and its decision should be reversed.
ASSIGNMENTS OF ERROR
Plaintiff designates the following as reversible error:
1. The trial court’s determination that St. Martin Parish is an improper venue.
2. Assuming St. Martin Parish is improper, the trial court’s dismissal of plaintiffs suit, with prejudice, as opposed to transferring the action to a court of proper venue.
3. The trial court’s allowing a foreign insurance company (First Financial), not authorized to do business in this state, to file pleadings and enforcing those pleadings without first demanding that such insurer satisfy the requirements of La.R.S. 22:1255..
LAW and DISCUSSION
Delictual actions are, generally, subject to a one year prescriptive period. La.Code Civ. art. 3492; see Harris v. Home Sav. and Loan Ass’n, 95-223 (La.App. 3 Cir. 7/27/95); 663 So.2d 92, writ denied 95-2190 (La.11/1795); 664 So.2d 405. If 13an action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. La.Code Civ. art. 3462; Bradley v. Mike Rougee Corp., 95-967 (La.App. 5 Cir. 6/25/96); 676 So.2d 1111. (Emphasis ours).
When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue. La. Code Civ.P. art. 121. (Emphasis added). For instance, if a “plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, the ease should be transferred to a court of proper venue, rather than dismissal.” Marler v. Petty, 94-1851 (La.4/10/95); 653 So.2d 1167. The jurisprudence indicates transfer rather than dismissal has been limited to cases where the plaintiff “does not have sufficient knowledge to ascertain the correct venue.” Marler, supra at 1171; see also Wagoner v. Dyson, 618 So.2d 432 (La.App. 5 Cir.1993), writ denied 623 So.2d 1306; and Habig v. Popeye’s Inc., 553 So.2d 963, (La. App. 4 Cir.1989). We are unable to locate a single case where the court transferred an action to the proper venue solely to avoid the running of prescription in the interest of justice. Moreover, it is well settled that the transfer of an action to a correct venue, after prescription has run, does not resurrect the plaintiffs lawsuit. See Harris v. Angelina Cas. Co., 559 So.2d 545 (La.App. 2 Cir.1990).
It is undisputed both defendants were not served within one year after plaintiff allegedly suffered appreciable damage. Absent a legally supported argument that St. Martin Parish was a proper venue for her lawsuit, Ms. Charles has no recourse on appeal.
Plaintiff begins her argument contending her “suit against First Financial can properly be characterized as a suit under the long arm statute,” thus, making venue 14proper “in the parish of plaintiffs domicile, St. Martin Parish.” La.R.S. 13:3201, et seq., do allow a plaintiff to bring suit in her home *1001 parish, where instituted against a non-resident defendant. However, considering the facts before us, we find the general venue provisions and their exceptions, rather than the long arm statute, apply in this instance.
First, despite plaintiffs argument to the contrary, there is nothing in the record indicating First Financial is unauthorized to do business in this State. In fact, plaintiffs “Petition For Damage” alleges First Financial is “a foreign insurance company authorized to do and doing business in the State of Louisiana ...” Accepting the facts, as alleged in plaintiffs petition, First Financial has already subjected itself to the jurisdiction of Louisiana courts by obtaining authorization to do business here. More importantly, “[i]t was not ... necessary to extend [the long arm statute to foreign insurance companies],” because under special legislation, the Secretary of State is impliedly appointed as the agent for service of process on any foreign or alien insurer not qualified to do business in Louisiana, but which transacts business in this state. See La.R.S. 13:3201 Comment of Louisiana State Law Institute -1964. (c).
La.R.S. 13:3201, et sec?., are “designed to insure that the long-arm jurisdiction of a Louisiana court extends to the limits allowed by due process.” Traigle v. Imhoff, 96-325, 96-326, 96-327 (La.App. 5 Cir. 10/1/96); 683 So.2d 766. The statutes are intended to effectuate “specific jurisdiction over an out-of-state defendant who has not consented to suit” in the state of Louisiana. Without further expression from the legislature, we decline to extend the “long arm” power of the state, which is Constitutionally restrained, solely to allow plaintiff a window to circumvent the venue and prescription laws otherwise applicable to the facts presented here. (Emphasis added). Teknika Electronics Corp. v. Satellite Earth Stations of Louisiana, Inc., 95-663 (La.App. 3 Cir. 4/17/96); 673 |5So.2d 1129, 1133. All the evidence shows Louisiana courts had general jurisdiction over First Federal, because it “consented to suit” in this state by appointing the Secretary of State as its agent for service of process.
Article 74 of the Code of Civil Procedure provides “[a]n action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.” Article 42 states, in pertinent part, an action against “[a] foreign or alien insurer shall be brought in the parish of East Baton Rouge.” La.Code Civ.P. art. 42(7). Plaintiffs action should have been filed in St. Landry Parish or in East Baton Rouge Parish, as specially provided by La.Code Civ.P. art. 42.
Although plaintiff, in brief, suggests “a new age is upon us with respect to venue,” we find no reason to deviate from the unambiguous language of the venue articles and a long line of jurisprudence supporting the trial court’s decision. Her contention that “each and every element of the damage” was sustained in St. Martin Parish finds no agreement here. Instead, we are compelled to follow the reasoning provided by the supreme court in Chambers v. LeBlanc, 598 So.2d 337 (La.1992), to wit:
When damage is caused to the plaintiff in the parish where the wrongful conduct occurred, then that parish is the parish of proper venue under article 74, even if the plaintiff is in the parish of his domicile at the time of wrongful conduct or if damage progresses in the parish of plaintiffs domicile.
Id. at 337-38 citing Belser v. St. Paul Fire & Marine Ins. Co., 509 So.2d 12 (La.App. 1 Cir.1987). (Emphasis added). See also Fogleman Truck Line, Inc. v. Southern Bulk Carriers, Inc., 532 So.2d 226 (La.App. 3 Cir. 1988); Lapeyrouse v. United Services Automobile Association, 503 So.2d 627 (La.App. 4 Cir.1987); and King v. National Bank of Bossier City, 420 So.2d 1024 (La.App. 5 Cir.1982).
Plaintiff allegedly was hit in the head in St. Landry Parish. The last act of any 6eulpable defendant took place in St. Landry Parish. For her to now argue that proper venue would be where ever she subsequently suffers from that September 2, 1995 injury would allow defendants to be sued virtually anywhere plaintiff could travel in this state.
*1002 Plaintiff cites the supreme court’s opinion in Jordan v. Central Louisiana Electric Co., Inc., 95-1270 (La.6/23/95); 656 So.2d 988, and our own holding in Rachal v. Ford Motor Co., Inc., 96-160 (La.App. 3 Cir. 6/5/96); 676 So.2d 671, suggesting an expansive reading of the venue rules is required in this case. Even if article ”74 is to be read as creating alternative venues in this case, neither 74 nor 42 offer any basis for holding St. Martin Parish was a proper venue. Jordan, 656 So.2d at 989. Accordingly, plaintiffs first two assignments of error are rejected.
Last, plaintiff argues First Financial should not have been allowed to file pleadings without filing bond or procuring a certificate of authority to transact business, as required by La.R.S. 22:1255. Again, the argument assumes First Financial is not authorized to do business in Louisiana, which, as we earlier pointed out, is unverified.[1] Further, the only case this court could find, even remotely addressing the issue, allowed a foreign insurer, which had not complied with the statute, to appeal from a denial of its declinatory exceptions. See Vehrs v. Jefferson Ins. Co., App.1964, 168 So.2d 873, application denied 247 La. 256, 170 So.2d 511 (1965). Any error on behalf of the trial court concerning plaintiffs last assignment is harmless, at best.
CONCLUSION
For the reasons discussed within, the trial court’s decision is affirmed. All costs of this appeal are cast upon the plaintiff, Tammy Charles.
AFFIRMED.

. At oral argument, plaintiff’s counsel could offer no support for his contention that First Financial is unauthorized to conduct business in this state. It seems that the defense's suggestion that La. R.S. 22:1255 applied in this case served as the only "evidentiary” basis for the allegation.