| WALTZER, Judge.
STATEMENT OF THE CASE
Evelyn Gavin, a Maryland resident, and Gloria Verret, an Orleans Parish resident, sued Ms. Gavin’s uninsured/underinsured motorist carrier, USAA Casualty Insurance, Andre Cannon, a Jefferson Parish resident and Cannon’s insurer, State Farm Insurance Company. Plaintiffs sought damages allegedly sustained as a result of an automobile collision allegedly caused by Cannon’s negligence. According to the petition, Ms. Verret was a guest passenger in Ms. Gavin’s car. Ms. Gavin and Ms. Ver-ret filed lawsuits in both Orleans and Jefferson Parishes.
Cannon and his insurer filed an exception of improper venue in the Orleans Parish proceeding. The exception was tried on 12 September 1997, and on 15 September the trial court sustained the exception and transferred the case to 24th Judicial District Court for the Parish of Jefferson, where the companion suit is pending. The trial court denied Ms. Verret’s motion for new trial on 9 January 1998, following trial of the motion on 14 November 1997. Ms. Verret appeals that judgment. Finding no error, we affirm.
¡¿ANALYSIS
Ms. Verret contends that as a guest passenger, she is a “covered person” under Ms. Gavin’s UM/UIM policy[1], and that this status is equivalent to being a named insured for venue purposes under La. C.C.P. art. 76. That article provides in *579 pertinent part that an action on a UM/ UIM liability policy may be brought in the parish where the loss occurred or where the INSURED is domiciled. We note that the statute refers by its own terms to “insured,” and not to “covered person.”
This case is governed by basic principles of Louisiana contract and insurance law. Our civilian tradition is grounded on the principles that the sources of law are legislation and custom, and that legislation is the solemn expression of legislative will. La.C.C. arts. 1 and 2. Our Civil Code clearly and unequivocally provides that a contract is an agreement by two or more parties whereby obligations are created, modified or extinguished. La. C.C. art. 1906. Contracts produce effects for third parties only when provided by law. La. C.C. art. 1985. Ms. Gavin and USAA are parties to an insurance contract pursuant to which Ms. Gavin is insured. Ms. Verret is not a party to that contract, but seeks to be a third party beneficiary.
Under Louisiana contract law, absent contrary positive law, Ms. Verret would have no right to sue either her host’s insurer or Cannon’s insurer, since Ms. Verret is a party to neither insurance contract. In the context of liability and uninsured motorist insurance, the Louisiana Direct Action Statute is such a positive law. La.R.S. 22:655 grants to injured persons, their survivors and heirs of |3a certain degree the option to have a right of direct action against the insurer within the terms and limits of the policy. This action, according to La.R.S. 22:655(B)(1) may be brought:
1. in the parish in which the accident or injury occurred;
2. in the parish in which the action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 ONLY. (Emphasis added.)
Under the facts of the instant case, appropriate venues available under the Direct Action Statute are Jefferson Parish, where the accident occurred, or East Baton Rouge Parish under La.C.C.P. art. 42(7).
Absent the Direct Action Statute, with its own specific venue restrictions, Ms. Verret would have no right to sue either of the insurers. Since her right is dependent upon the Direct Action Statute, venue is controlled by its specific limited venue provision. Ms. Verret’s direct action claim against the insurers simply cannot be brought in Orleans Parish.
Orleans Parish can be a proper venue pursuant to the provisions of La. C.C.P. art. 76 only if we consider Ms. Verret an “insured” under the policy, that is, if she had a claim independent of her third-party claim under the Direct Action Statute. The reason is fundamental: the Direct Action Statute specifically provides that the proper venue for the claim of a third party such as Ms. Verret is determined ONLY by reference to La.C.C.P. art. 42 — and not pursuant to La.C.C.P. art. 76.
LMs. Verret asks this court to extend the holding in Kellis v. Farber, 523 So.2d 843 (La.1988) to make her an “insured” under Ms. Gavin’s policy, thus having the right to venue in Orleans Parish. Kellis held that La.C.C.P. art. 42 is subject to all the exceptions contained in La. C.C.P. arts. 71 through 85. The Direct Action Statute was amended in 1996 to add the word, “only” to modify La.C.C.P. art. 42, thus legislatively overruling Kellis and its progeny. The legislative intent is clearly to limit Direct Action Statute venue to the basic venue provisions of La.C.C.P. art. 42 and not to extend it to venues provided in other codal articles, including La.C.C.P. art. 76.
The legislature having expressed solemnly its will in the 1996 amendment to the Direct Action Statute, limiting the effect of Kellis and its progeny, we must reject any extension of the reasoning in that case. Ms. Verret may be a “covered person” under the USAA policy, but she is not an “insured” for venue purposes.
*580 CONCLUSION AND DECREE
Based on the entirety of the record, we find no error in the judgment of the trial court transferring this case to the 24 th Judicial District Court for the Parish of Jefferson.
AFFIRMED.
ARMSTRONG, J., DISSENTS WITH REASONS.
JONES, J., DISSENTS.

. The trial court found in his reasons for judgment that plaintiffs did not submit a copy of the USAA policy allegedly providing uninsured motorist coverage. Our examination of the record does not reveal a copy of the policy. The parties advised the Court during oral argument that there is no dispute that Ms. Gavin is insured by USAA for UM/UIM benefits. Absent a definitive copy of the policy, we surmise from the record only that a foreign insurer in the state of Maryland issued a policy of liability insurance to a Maryland insured (not Ms. Verret).