I,BROWN, J.
Plaintiffs, Russell and Sandra Banton, domiciliarles of Bossier Parish, contracted with defendant, John Combs d/b/a American Carpet Cleaning, to dye their grey carpet a deep burgundy color. The dye job was, at best, unsuccessful and, judging by the damages sought by plaintiffs, at worst, catastrophic. Seeking reimbursement of the amount paid for the carpet work, $718.19, together with $6,527.62, the estimated cost to repair the damage to their home, plaintiffs filed suit against defendant in Shreveport City Court.
Defendant filed a declinatory exception of improper venue, alleging that suit was proper only in Bossier Parish, the parish of his domicile, as well as the parish in which the actions giving rise to plaintiffs’ claim occurred. Without allowing any evidence, the trial court sustained the exception and dismissed plaintiffs’ action with prejudice. It is from this judgment that plaintiffs have appealed.

Discussion

Plaintiffs, who have refiled their action in Bossier Parish, simply ask this court' to reverse that part of the trial court’s judgment dismissing their action with prejudice and enter a judgment of dismissal without prejudice.[1]
The trial court committed legal error in ordering plaintiffs’ action to be dismissed with prejudice. La. C.C.P. art. 121 provides that when an action is brought in a court of improper venue, the court may either dismiss the action or, in the interest of justice, transfer it to a court of proper venue. See also Marler v. Petty, 94-1851 (La.04/10/95), 653 So.2d 1167; Charles v. First Financial Insurance Co., 97-1185 (La.App. 3d Cir.03/06/98), 709 So.2d 999, writ denied, 98-0933 (La.05/15/98), 719 So.2d 466.
|¡>We will thus reverse that portion of the trial court’s judgment dismissing plaintiffs’ *768 claim with prejudice and order that the dismissal is to be without prejudice, thus clearing the way for plaintiffs’ action in Bossier Parish to proceed to trial on the merits.

Conclusion

For the reasons set forth above, that part of the trial court’s judgment ordering plaintiffs’ claim to be dismissed with prejudice is reversed. We hereby render a judgment of dismissal without prejudice.

. We therefore pretermit determination of the issue of whether venue was in fact proper in Caddo Parish, noting that the trial court erred in making such a finding without adducing any evidence.