# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### (Not For Publication)

**09-1081**

**GIL B. LOPEZ AND DIANE LOPEZ**

**VERSUS**

**JOSETTE RICHARD AND ALLSTATE INSURANCE COMPANY**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20075698
HONORABLE JULES D. EDWARDS, PRESIDING
\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy H. Ezell, Judges.

**AFFIRMED**

Terry B. Soileau
709 E. Canino Rd.
Houston, TX 77037
(832) 689-9358

    COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Gil B. Lopez and Diane Lopez


Tracey A. Biagas-Hill
400 E. Kaliste Saloom Rd., Suite 8300
Lafayette, LA 70508
(337)-291-1743

    COUNSEL FOR DEFENDANTS/APPELLEES:
    Josette Richard and Allstate Ins. Co.

**COOKS, Judge**.

**FACTS**

Mr. Gil B. Lopez, and his wife, Diane Lopez (Plaintiffs), were involved in a rear-end collision in Lafayette Parish, Louisiana on March 31, 2006. Josette Richard (Richard) was the driver of the vehicle which allegedly struck the Lopezs'car. Richard was insured under a liability policy issued by Allstate Insurance Company (Allstate). Plaintiffs filed suit on the last day of prescription, April 2, 2010, in Iberia Parish, the parish of their domicile, naming Josette Richard and Allstate Insurance Company as defendants. Richard, a resident and domiciliary of Lafayette Parish, Louisiana, was served on July 5, 2007, andAllstate was served on July 12, 2007. Richard and Allstate filed an exception of improper venue on August 20, 2007. All signed a consent judgment stating the proper venue for Plaintiffs' action is Lafayette Parish and agreeing to transfer the case to the 15th Judicial District Court, Parish of Lafayette.

Allstate filed an answer on November 19, 2007, admitting Allstate is a foreign insurance company authorized to do and doing business in Louisiana, Josette Richard is a person of the full age of majority, and Josette Richard is the named insured on a policy of insurance issued by Allstate. Allstate and Richard denied all other allegations of Plaintiffs' petition.

Allstate and Richard subsequently filed an exception of prescription asserting the action was filed in an improper venue with service of process made on Richard and Allstate after the prescriptive date of April 2, 2007. Although properly given notice of the hearing, neither Plaintiffs nor their attorney appeared at the hearing on Allstate and Richard's exception of prescription. The trial court, after hearing argument from Richard and Allstate, and considering the evidence presented, granted

the exception of prescription, dismissed Richard and Allstate as defendants with prejudice, and assessed all costs of court against plaintiffs. Plaintiffs appeal alleging the trial court erred as a matter of law.

## ANALYSIS

Plaintiffs assert venue was proper in their parish of domicile under the provisions of La.Code Civ.P. arts. 73 and 76. The parties do not dispute that, the accident occurred in Lafayette Parish, Richard is domiciled in Lafayette Parish, and Plaintiffs are domiciled in Iberia Parish. It is also undisputed that Allstate is a foreign insurer authorized to do and doing business in Louisiana and is the insurer of Richard, its named insured.

In *Charles v. First Financial Ins., Co.* 97-1185,p. 3-4 (La.App. 3 Cir. 3/6/98), 709 So.2d 999, 1001 we stated:

> Delictual actions are, generally, subject to a one year prescriptive period. La.Code Civ. art. 3492; *see Harris v. Home Sav. and Loan Ass'n*, 95-223 (La.App. 3 Cir. 7/27/95), 663 So.2d 92, *writ denied* 95-2190 (La. 11/17/95), 664 So.2d 405. If an action is commenced in an incompetent court, or in an *improper venue*, prescription is interrupted only as to a defendant served by process within the prescriptive period. La.Code Civ. art. 3462; *Bradley v. Mike Rougee Corp.*, 95-967 (La.App. 5 Cir. 6/25/96), 676 So.2d 1111. (Emphasis ours).

> Moreover, it is well settled that the transfer of an action to a correct venue, after prescription has run, does not resurrect the plaintiff's lawsuit. *See Harris v. Angelina Cas. Co.*, 559 So.2d 545 (LA.App. 2 Cir. 1990).

The plaintiffs' action herein is subject to the one-year prescriptive period provided in La.Civ.Code art. 3492. Venue was proper in Lafayette Parish under the provisions of La.Code. Civ. P. art. 42 (1) or in East Baton Rouge Parish under the provisions of La.Code Civ. P. art. 42(7). Under the provisions of La.Code Civ. P. art. 76 the action could be brought in the parish where the insured, Richard, is domiciled or the parish where the accident occurred, which is Lafayette Parish. Plaintiffs' reliance on the

provisions of La.Code Civ. P. art. 73 is misplaced. Article 73 provides in pertinent part:

> A. An action against joint or solidary obligors may be brought in a parish of proper venue, *under Article 42 only*, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors *may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.* (Emphasis added)

The provisions of La.R.S. 13:3203, which address long arm provisions in actions against non-residents, are not applicable here. Plaintiffs argue because they are "beneficiaries" of Richard's insurance policy issued by Allstate, that by virtue of Louisiana's Direct Action Statute, they are "insureds" under the Allstate policy and therefore, may bring their action in their parish of domicile as insureds under the provisions of Article 76. Plaintiffs cite *Gavin v. USAA Cas. Ins.*, 98-614 (La. App. 4 Cir. 4/21/99),747 So.2d 577, *writ not considered* 99-2382, (La. 11/12/99), 749 So.2d 648, in support of this contention. This is not what *Gavin* stands for. In *Gavin,* 747 So.2d at 583, the Fourth Circuit in addressing the plaintiff's coverage under a UM policy stated "[a]ny person covered under the UM coverage of an insurance policy is 'insured' for purposes of that UM coverage. If one is 'covered' one is 'insured'." Plaintiffs in this case have not made any claim against a UM insurer and make no allegations in their petition nor in brief to this court regarding any alleged UM coverage. Plaintiffs' reliance on *Gavin* is misplaced. Although plaintiffs would be considered an "insured" under a UM policy, which is intended to provide coverage to plaintiffs, they are not "insureds" under defendant's liability policy which policy insures Richard. Under that policy, plaintiffs are claimants who will be paid by Allstate on behalf of their insured, Richard, if Richard is found liable for injury to the plaintiffs.

Plaintiffs' reliance on *Kellis v. Farber*, 523 So.2d 843 (La.1988) is also unpersuasive and is misplaced. Not only has *Kellis* been legislatively overruled, *see Boatwright v. Metropolitan Life Ins., Co.*, 95-2525 (La.App. 4 Cir. 3/27/96), 671 So.2d 553, *writ denied* 96-1327 (La. 6/28/96), 675 So.2d 1130, but in that case the plaintiff sued her own UM carrier as a defendant, thus making venue in her parish of domicile proper against that defendant and the solidary obligors.

The only proper venues in this case were Lafayette Parish or East Baton Rouge Parish. Iberia Parish was not a proper venue. As both defendants were served well after the prescriptive period for plaintiffs' delictual action, the trial court properly granted their exception of prescription and properly dismissed the case against defendants with prejudice. There is no error in the trial court's ruling.

**DECREE**

For the foregoing reasons, we affirm the judgment. All costs of this appeal are assessed to Plaintiffs-Appellants.