PER CURIAM.
11Writ granted. The judgments of the lower courts are reversed. The trial court erred in denying the State’s declinatory exception of improper venue. Under La. Rev.Stat. § 15:544(D)(1), an offender may seek to reduce his period of registration as a sex offender by filing a petition with the “court of conviction.” The “court of conviction” is the court which actually rendered a judgment of guilt. Boutte was convicted of indecent behavior with a juvenile in the 15th Judicial District for the Parish of Vermillion. However, Boutte filed his petition in the 15th Judicial District for the Parish of Lafayette. While the court for Lafayette Parish is part of the same judicial district as the court for Vermillion Parish, it is not the court that rendered the judgment in Boutte’s case.
Additionally, La.Rev.Stat. § 15:544(D)(1) provides the venue for an offender seeking *799 to reduce his registration period, and venue is determined by parish, not by judicial district. The Code of Civil Procedure defines “venue” as “the parish where an action or proceeding may properly be brought....” La.Code Civ. Proc. art. 41 (emphasis added). Similarly, in Harris v. Angelina Cas. Co., 559 So.2d 545, 547 (La.App. 2 Cir.1990), the Court of Appeal for the Second Circuit addressed the issue of venue where a plaintiff was injured in Webster Parish (of the 1226th Judicial District), but filed her tort action in Bossier Parish (of the 26th Judicial District). The appellate court sustained defendants’ exception of improper venue, holding “[v]en-ue ... is regulated by parishes and not by judicial districts.” Id. at 547. We agree with this reasoning. Although, Vermillion and Lafayette Parishes are part of the same judicial district, “venue” is determined by parish. As the court in Vermillion Parish rendered judgment in Boutte’s case, only Vermillion Parish is the proper venue for his petition.
We agree with the policy reasons advanced by the State for interpreting “court of conviction” as requiring Boutte to file his petition in the Vermillion Parish court, rather than any court in the 15th Judicial District. The court that actually rendered the conviction will have the most knowledge concerning the underlying sex offense, and will thus be in the best position to determine whether a reduction in the registration period is warranted. Although, under La.Rev.Stat. § 15:544(D)(1), a reduction is based on whether the offender has maintained a clean record, a reduction in the registration period is permissive, not mandatory, even if an offender has a clean record. Thus, the court that rendered the conviction would be in a better position to determine if an offender should receive a reduction, as it is most familiar with the facts of the case.
Accordingly, as we find Lafayette Parish was not a proper venue for Boutte’s petition, the State’s exception of improper venue is granted.