NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**23-741 consolidated with 23-740**

**WILLARD JOHNSON**

**VERSUS**

**LEROY CELESTINE**
**CRESCENT CROWN DISTRIBUTING, LLC AND**
**ZURICH AMERICAN INSURANCE COMPANY**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20214099 C/W 20210833
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**CANDYCE G. PERRET**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Candyce G. Perret, and Sharon Darville Wilson, Judges.

**AFFIRMED.**

**Brian C. Colomb**
**Gordon McKernan Injury Lawyers, L.L.C.**
**2505 Verot School Road**
**Lafayette, LA 70508**
**(337) 443-6954**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Willard Johnson**

**Chet G. Boudreaux**
**Gordon McKernan Injury Lawyers, L.L.C.**
**5656 Hilton Avenue**
**Baton Rouge, LA 70808**
**(225) 926-1578**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Willard Johnson**

**Thomas W. Darling**
**Laura W. Christensen**
**Gaudry, Ranson, Higgins, & Gremillion, L.L.C.**
**2223 Quail Run Drive, Suite C-2**
**Baton Rouge, LA 70808**
**(225) 663-6101**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Leroy Celestine**
    **Zurich American Insurance Company**
    **Crescent Crown Distributing, LLC**

**Wade A. Langlois, III**
**Kaylyn Blosser Handy**
**Gaudry, Ranson, Higgins, & Gremillion, L.L.C.**
**401 Whitney Ave., Suite 500**
**Gretna, LA 70056**
**(504) 362-2466**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Leroy Celestine**
    **Zurich American Insurance Company**
    **Crescent Crown Distributing, LLC**

**Andrew F. Barr**
**Hammonds, Sills, Adkins & Guice, L.L.P.**
**2431 S. Acadian Thruway, #600**
**Baton Rouge, LA 70808**
**(225) 923-3462**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lafayette Parish School Board**

**G. W. Rudick, II**
**GW Rudick Injury Lawyers**
**100 Magnate Drive, Suite A1**
**Lafayette, LA 70508**
**(337) 326-4535**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **A'Jaysia Joseph**

**PERRET, Judge.**

In this personal injury case, Willard Johnson ("Mr. Johnson") filed suit against Leroy Celestine ("Mr. Celestine"), Crescent Crown Distributing, LLC ("Crescent Crown"), and Zurich American Insurance Company ("Zurich") (collectively, "the Defendants"), alleging that Mr. Celestine drove his 2015 tractor-trailer into the rear of Mr. Johnson's school bus. The Defendants filed an exception of prescription, which the trial court granted. Mr. Johnson now appeals. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY:**

On February 18, 2020, at approximately 6:19 a.m., Mr. Johnson, an employee of the Lafayette Parish School Board, was operating a school bus north-bound on Louisiana Highway 725 when he was rear-ended by Mr. Celestine's tractor-trailer in Lafayette Parish, Louisiana.

On February 3, 2021, Mr. Johnson filed suit in the 27th Judicial District Court for the Parish of St. Landry against Mr. Celestine, his employer, Crescent Crown, and Zurich, the liability insurer of Mr. Celestine and Crescent Crown. The petition stated that "[v]enue and jurisdiction are proper as the defendant, LEROY CELESTINE is domiciled within the jurisdictional limits of this court." The petition provided that Mr. Celestine could "be served with process at 804 Guidry Street, Opelousas, LA 70570[.]" On February 4, 2021, a citation was issued to Mr. Celestine at this address, but service could not be made on February 5, 2021, by the St. Landry Parish Sheriff. According to the February 5, 2021 service return, service could not be made because the Sheriff was "[u]nable to locate" Mr. Celestine, and the return further stated that the "subject [Mr. Celestine] does not live at address."

On February 25, 2021, service was made on Crescent Crown and Zurich, and on March 1, 2023, Mr. Celestine was eventually served.

On March 26, 2021, Mr. Johnson's employer, the Lafayette Parish School Board, filed a petition for intervention in St. Landry Parish for recovery of its workers' compensation payments.

On April 9, 2021, Crescent Crown and Zurich filed an exception of improper venue in St. Landry Parish as to Mr. Johnson's claims and requested that the suit be dismissed or transferred to a court of proper venue. The exception alleged that venue in St. Landry Parish is improper "because it is based on the incorrect domicile of defendant, Leroy Celestine" and that "Celestine is no longer domiciled in St. Landry Parish, and he has not been domiciled in this parish for a period of over one (1) year prior to suit being filed." Additionally, Crescent Crown and Zurich alleged that "the venue of St. Landry Parish is not proper under any other provisions of the Louisiana Code of Civil Procedure because it is not the venue of any other defendant or the parish where the alleged wrongful conduct occurred or damages sustained." The memorandum in support of the exception stated that "[t]he evidence will overwhelmingly show that Celestine's domicile changed in 2019, two years prior to the petition being filed," and that "[t]he evidence will be [that] Celestine moved from St. Landry Parish in 2018 to work in Dallas," and "[h]e returned to Louisiana in 2019 and has lived in Lafayette Parish since."

On April 16, 2021, Crescent Crown and Zurich also filed an exception of improper venue to the Lafayette Parish School Board's petition of intervention. Again, Crescent Crown and Zurich argued that venue in St. Landry Parish is improper "because it is based on the incorrect domicile of defendant, Leroy Celestine" and that "the venue of St. Landry Parish is not proper under any other

2

provisions of the Louisiana Code of Civil Procedure because it is not the venue of any other defendant or the parish where the alleged wrongful conduct occurred or damages sustained."

In response to the exceptions of improper venue, the trial judge signed a consent judgment on July 22, 2021, which stated:

> NOW COMES Crescent Crown Distributing, L.L.C., and Zurich American Insurance Company, to state that presently on the Court's docket is defendants['] Exception of Improper Venue, set for hearing on August 6, 2021. Counsel for plaintiff Willard Johnson and Intervenor Lafayette Parish School Board have consented to the granting of the Exception of Improper Venue.
>
> Therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that [D]efendants' Crescent Crown Distributing, L.L.C. and Zurich American Insurance Company Exception of Improper Venue is **GRANTED**. Furthermore, pursuant to article 932(B) of Louisiana Code of Civil Procedure, this matter is transferred to the 15th Judicial District Court for the Parish of Lafayette. It is hereby ordered that the Clerk of Court for the 27th Judicial District Court for the Parish of St. Landry prepare all documents and pleadings necessary to effect the transfer of this matter to the 15th Judicial District Court for the Parish of Lafayette.

The Defendants' counsel attached a Rule 9.5 Certification to the consent judgment, which stated as follows:

> Pursuant to Rule 9.5 of the Uniform Rules for Louisiana District Courts, undersigned counsel hereby certifies that a copy of the foregoing Consent Judgment on the Exception of Improper Venue, presently pending before the Court, was circulated to all counsel via electronic method on the 12th day of July, 2021. Undersigned has communicated with opposing counsel, and there is no objection to the filing of this judgment.
>
> Certified this 14th day of July, 2021.

On January 28, 2022, Mr. Johnson's case was consolidated with another matter pending in Lafayette Parish, *A'jaysia Joseph v. Crescent Crown Distributing, LLC, Zurich American Insurance Company, and Leroy Celestine*, Docket No. 2021-0833.

On April 12, 2023, the Defendants filed an exception of prescription to the petition filed by Mr. Johnson and to the petition of intervention filed by plaintiff - in-intervention, Lafayette Parish School Board.[1] The Defendants alleged that although Mr. Johnson's suit was timely filed, "it was filed in a parish of improper venue which did not interrupt prescription, and no defendant was served within the one-year prescriptive period for a delictual action. Therefore, this matter has prescribed, and all claims should be dismissed."

After a hearing on July 5, 2023, the trial judge orally granted the Defendants' exception of prescription and dismissed all claims of Mr. Johnson and the Lafayette Parish School Board with prejudice. In ruling, the trial judge stated as follows:

> Okay. As you all know, first of all, thank you for the briefing. Those of you that have practiced in front of me, I read everything and I have. I have read the briefs. I have heard the oral arguments. Today we are here on an exception of prescription. I've also looked at case law that was cited and read several of the cases that were cited. I've also looked at Louisiana Civil Code Article 3462, which deals with prescription, because that's what we are here on. And it is clear. With that said, the peremptory exception of prescription is hereby granted.

A signed judgment was rendered on July 12, 2023. Mr. Johnson now appeals, alleging the following sole assignment of error: "The trial court erred in granting Defendants' exception of prescription and dismissing Johnson's claims against them."[2]

---

[1] Counsel for Lafayette Parish School Board did not file any pleadings or memorandums in opposition to the Defendants' exception of prescription.

[2] The Lafayette Parish School Board did not appeal the trial court's July 12, 2023 ruling, which granted the exception of prescription.

**STANDARD OF REVIEW:**

The standard of review on an exception of prescription depends on whether evidence was adduced at the hearing on the exception. *Allain v. Tripple B. Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. As this court stated in *Allain*, 128 So.3d at 1285:

> Prescription is a peremptory exception which is provided for in La.Code Civ.P. art. 927. Evidence in support or contravention of the exception may be introduced if the grounds are not apparent from the petition. La.Code Civ.P. art. 931. An appellate court reviews the exception under the manifest error standard of review if evidence is introduced in support or contravention of the exception. *Dugas v. Bayou Teche Water Works*, 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826. If not, the appellate court "simply determines whether the trial court's finding was legally correct." *Id.* at 830.

In this case, the record contains a July 5, 2023 transcript of the hearing on the exceptions of prescription as well as two exhibits that were entered into evidence by the parties; therefore, we find the standard of review is manifest error. Under the manifest error standard of review, this court cannot reverse a factfinder's determination unless it finds "a reasonable factual basis does not exist for the finding of the trial court" and that "the record establishes that the finding is clearly wrong (manifestly erroneous)." *Stobart v. State through Dept. of Transp. and Dev.*, 617 So.2d 880, 882 (La. 1993).

**DISCUSSION:**

On appeal, Mr. Johnson argues that he filed suit in St. Landry Parish based on Mr. Celestine's representations to the investigating police officer on the day of the accident. Mr. Johnson alleges that "[n]o court has ever determined that St. Landry Parish is a court of improper venue, much less that Mr. Celestine was not domiciled there," and that the "Defendants waived any objection to venue in St. Landry Parish by consenting to the transfer to Lafayette Parish, and should be

5

judicially estopped from objecting to venue in St. Landry Parish." Further, Mr. Johnson argues that even if the Defendants could show that "Celestine did not reside in St. Landry Parish at the time of the [c]rash, but instead that he lied to the investigating police officer twice, . . . the court still has the discretion to transfer the case to a proper venue, instead of dismissing the case."

In response, the Defendants argue that Mr. Johnson agreed to the consent judgment granting the exception of improper venue and transferring the matter to Lafayette Parish, and that he did not seek review of the consent judgment by either a motion for new trial or appeal. Further, the Defendants argue that because the original suit was filed in an improper venue, and because no defendant was served within the one-year date of the accident, the trial court properly granted the exception of prescription.

"Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." La.Civ.Code art. 3492. However, La.Civ.Code art. 3462 addresses the interruption of prescription and states as follows:

> Prescription is interrupted when . . . the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

An exception of prescription may be "pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision[.]" La.Code Civ.P. art. 928(B). "The burden of proof on the prescription issue lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff" to prove a suspension or interruption of prescription.

6

*Bailey v. Khoury*, 04-620, 04-647, 04-684, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275.

In this case, the accident at issue occurred on February 18, 2020. The record indicates that, although Mr. Johnson initially filed suit on February 3, 2021, Crescent Crown and Zurich were not served until February 25, 2021, and Mr. Celestine was not served until March 1, 2023. The record also provides that the parties entered into a consent judgment, which was signed on July 22, 2021, wherein the "defendants' . . . Exception of Improper Venue [was] **GRANTED**" and the "matter [was] transferred to the 15th Judicial District Court for the Parish of Lafayette." The record is devoid of any evidence indicating that Mr. Johnson's counsel ever objected to the proposed consent judgment language or the granting of the improper venue exception. Neither party filed a motion for new trial nor appealed the July 22, 2021 consent judgment that granted the exception of improper venue. It is evident from the record that the Defendants were not served within the prescriptive period; thus, the filing of the suit in the improper venue, according to the consent judgment, failed to interrupt prescription under La.Civ.Code art. 3462. As this court stated in *Charles v. First Financial Insurance Co.,* 97-1185 (La.App. 3 Cir. 3/6/98), 709 So.2d 999, 1000, *writ denied*, 98-933 (La. 5/15/98), 719 So.2d 466, "it is well settled that the transfer of an action to a correct venue, after prescription has run, does not resurrect the plaintiff's lawsuit." *See also Allen v. State, Dep't of Pub. Safety & Corr.* 12-430 (La.App. 3 Cir. 11/7/12), 107 So.3d 106 (wherein this court also concluded that, pursuant to La.Civ.Code art. 3462, the filing of suit in an improper venue failed to interrupt prescription because the defendants were not served within the prescriptive period); and *Stroder v. Town of Welsh*, 23-75, p. 5 (La.App. 3 Cir. 11/2/23) (unpublished

opinion), *writ denied*, 23-1587 (La. 2/6/24), 378 So.3d 753 (wherein this court affirmed the granting of an exception of prescription upon finding that "under the unambiguous language of La.Civ.Code art. 3462, prescription was not interrupted" while also noting that "the venue ruling was not appealed" and, thus, not before the court).

Similarly to the *Stroder* case cited above, we also find the issue of venue is not properly before this court; rather, the only judgment before this court is the granting of the Defendants' exception of prescription. Based on the record, we find the Defendants satisfied their burden of proving prescription. Specifically, the Defendants entered into evidence: (1) the signed July 22, 2021 trial court judgment granting the exception of improper venue and transferring the matter from the 27th Judicial District Court for the Parish of St. Landry to the 15th Judicial District Court for the Parish of Lafayette; and (2) the service returns indicating that service was made on Crescent Crown and Zurich on February 25, 2021, and Mr. Celestine on March 1, 2023, all outside of the prescriptive period.

For these reasons, we hereby affirm the trial court's July 12, 2023 judgment, which granted the Defendants' exception of prescription. All costs of this appeal are assessed against appellant, Willard Johnson.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

8